700 A.2d 915

**CINTAS CORPORATION, Appellant,**

v.

**LEE'S CLEANING SERVICES, INC., t/a Lee's Industries, Inc., Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 29, 1997.

Decided Sept. 16, 1997.

Howard B. Zavodnick, Sandra F. Zavodnick, Philadelphia, for Lee's Cleaning Services, Inc.

Gary S. Server, Philadelphia, for Cintas Corporation.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NEWMAN, JJ.

## OPINION OF THE COURT

NEWMAN, Justice.

This appeal concerns a default judgment that Appellant, Cintas Corporation (Cintas), obtained against Appellee, Lee's Cleaning Services, Inc. (Lee's Cleaning). Lee's Cleaning filed a petition to strike the default judgment, alleging improper service of process. The Court of Common Pleas of Philadelphia County (trial court) denied the petition to strike and the Superior Court reversed. For the reasons that follow, we reverse the Superior Court.

### FACTS AND PROCEDURAL HISTORY

In December of 1992, the parties entered into an agreement by which Cintas rented uniforms to Lee's Cleaning. When Lee's Cleaning allegedly failed to pay for the uniform rentals, Cintas filed a complaint for breach of contract on February 22, 1994. On February 28, 1994, Cintas served the complaint on Lee's Cleaning. Howard Zavodnick, Esquire, counsel for Cintas, filed a return of service on March 16, 1994 describing the method of service and stating that his employee, Albert Zavodnick, had served the complaint on Lee's Cleaning. The return of service provides, in relevant part, as follows:

> HOWARD B. ZAVODNICK, hereby certifies that Albert Zavodnick did serve a true and correct copy of the Civil Action complaint upon the defendant, Lee's Cleaning Services Inc, at 3858 Pulaski Street, Philadelphia, PA 19140 on February 28, 1994 at 8:30 A.M. by hand delivering same to Virginia Watson, the person in charge.

After Lee's Cleaning failed to respond to the complaint, Cintas sent a ten-day notice of its intent to take a default judgment to Lee's Cleaning on August 31, 1994. Lee's Cleaning did not respond to the default notice. Cintas then filed a praecipe to enter a default judgment for $7,685.85 on September 23, 1994. The Prothonotary entered judgment against Lee's Cleaning on September 26, 1994. Approximately six months later, on March 23, 1995, Lee's Cleaning filed a petition to strike the default judgment. First, Lee's Cleaning argued that the

return of service was defective because it was not completed by Albert Zavodnick, the person who actually made service, and thus, it violated Pa.R.C.P. 405, which requires the person making service to complete the return of service. Second, Lee's Cleaning argued that service of process was improper because the complaint was delivered to Virginia Watson, who was a receptionist and not a person "in charge" as required by Pa.R.C.P. 424. In support of this argument, Lee's Cleaning filed the affidavit of Nina Kinnard, its vice president, secretary and treasurer. The affidavit states that Watson was not the person in charge of business at Lee's Cleaning.

The trial court denied Lee's Cleaning's petition to strike the default judgment. Without addressing the Rule 405 claim, the court held that service was proper under Rule 424 because Kinnard's affidavit did not deny that Watson held herself out as the person in charge on the day Albert Zavodnick served the complaint. On appeal, the Superior Court held that the return of service was defective pursuant to Rule 405 because Albert Zavodnick did not complete it. *Cintas Corp. v. Lee's Cleaning Services, Inc.,* 449 Pa.Super. 94, 672 A.2d 1371 (1996).[1] Based on its disposition of the first issue, the Superior Court did not reach the Rule 424 claim that service was improper because Watson was not in charge of the office. Cintas then filed a petition for allowance of appeal, which we granted.

## DISCUSSION

In *Resolution Trust Corp. v. Copley Qu–Wayne Associates,* 546 Pa. 98, 683 A.2d 269 (1996), we described a petition to strike a judgment as follows:

A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record.... An order of the court striking a judgment annuls the original

---

1. The Honorable Phyllis W. Beck filed a dissenting statement, reasoning that the technical noncompliance with Rule 405 here should not result in a finding of defective service.

judgment and the parties are left as if no judgment had been entered.

*Id.* at 106, 683 A.2d at 273 (citations omitted). When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered. *Linett v. Linett*, 434 Pa. 441, 254 A.2d 7 (1969). Here, Lee's Cleaning alleges that the record supporting the default judgment against it was fatally defective because Cintas violated Pa.R.C.P. 405 and Pa.R.C.P. 424 when it served its complaint.

## *Pa.R.C.P. 405*

Rule 405 governs the return of service and provides, in relevant part, as follows:

(a) *When service of original process has been made the sheriff or other person making service shall make a return of service forthwith.* If service has not been made and the writ has not been reissued or the complaint reinstated, a return of no service shall be made upon the expiration of the period allowed for service.

(b) *A return of service shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made.*

. . . .

(d) A return of service by a person other than the sheriff shall be by affidavit. . . .

(e) The return of service or of no service shall be filed with the prothonotary.

. . . .

Pa.R.C.P. 405 (emphasis added). Cintas admits that its return of service was defective under Rule 405(a) because Howard Zavodnick completed the return of service instead of Albert Zavodnick, the person who actually made service. It argues, however, that the return of service was sufficient in all other respects to allow the trial court to determine that service was

properly made, and therefore, the court correctly denied the petition to strike. We agree.

Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. *Sharp v. Valley Forge Medical Ctr. and Heart Hosp., Inc.*, 422 Pa. 124, 221 A.2d 185 (1966). Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her. *U.K. LaSalle, Inc. v. Lawless*, 421 Pa.Super. 496, 618 A.2d 447 (1992). Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her. *Frycklund v. Way*, 410 Pa.Super. 347, 599 A.2d 1332 (1991). However, the absence of or a defect in a *return of service* does not necessarily divest a court of jurisdiction of a defendant who was properly served. *Commonwealth ex rel. McKinney v. McKinney*, 476 Pa. 1, 381 A.2d 453 (1977). "[T]he fact of service is the important thing in determining jurisdiction and ... 'proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned.' " *Id.* at 6, 381 A.2d at 455 (quoting *Goodman v. Ancient Order of United Workmen*, 211 Minn. 181, 183–84, 300 N.W. 624, 625 (1941)).

Here, the Superior Court held that due to the defect in the return of service, "the face of the record does not reveal whether service was properly made, and the court's jurisdiction over the action remains in question." *Cintas*, 449 Pa.Super. at 98, 672 A.2d at 1373. To the contrary, the face of the record (i.e., the return of service) alleges ample facts to show that service was proper. Rule 405(b) requires that the return of service set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made. Pa.R.C.P. 405(b). The return of service stated that Albert Zavodnick delivered the complaint to Virginia Watson, the person in charge, on February 28, 1994 at 8:30 a.m. in the offices of Lee's Cleaning at 3858 Pulaski Street in Philadelphia. Thus, the return of service contained sufficient

information for a court to determine that service was proper, and any noncompliance with Rule 405(a) did not render service fatally defective. Therefore, the Superior Court erred in reversing the trial court's Order denying Lee's Cleaning's petition to strike.[2]

## *Pa.R.C.P. 424*

Lee's Cleaning argues that even if we excuse the noncompliance with Rule 405(a), service was still improper because Watson was not the person in charge for the purposes of Pa.R.C.P. 424. Rule 424 sets forth the methods of effectuating service on corporations and similar entities and provides as follows:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
>
> (2) the manager, clerk or *other person for the time being in charge* of any regular place of business or activity of the corporation or similar entity, or
>
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.C.P. 424 (emphasis added). According to the affidavit of Nina Kinnard, which was appended to the petition to strike, Watson was a receptionist for Lee's Cleaning and was never designated as the person in charge. Thus, Lee's Cleaning argues that Cintas failed to comply with Rule 424(2) and proper service has not been made. However, Lee's Cleaning brought this challenge in a petition to strike the default judgment instead of a petition to open the default judgment. There is a significant distinction between these two types of petitions, a distinction that prevents the review of Lee's Cleaning's claim.

---

2. We caution, however, that the result here does not relieve a party of his or her obligations under the Rules of Civil Procedure, and those who fail to comply with the Rules do so at their own peril.

 A petition to strike a default judgment and a petition to open a default judgment are generally not interchangeable. *U.K. LaSalle.* A petition to strike does not involve the discretion of the court. *Dubrey v. Izaguirre,* 454 Pa.Super. 504, 685 A.2d 1391 (1996). Instead, it operates as a demurrer to the record. *Copley.* A demurrer admits all well-pleaded facts for the purpose of testing conclusions of law drawn from those facts. *See Lumax Industries, Inc. v. Aultman,* 543 Pa. 38, 669 A.2d 893 (1995); *Gabel v. Cambruzzi,* 532 Pa. 584, 616 A.2d 1364 (1992); *Balsbaugh v. Rowland,* 447 Pa. 423, 290 A.2d 85 (1972). Because a petition to strike operates as a demurrer, a court may only look at the facts of record at the time the judgment was entered to decide if the record supports the judgment. *Linett.* A petition to strike can only be granted if a fatal defect appears on the face of the record. *Franklin Interiors v. Wall of Fame Management Co., Inc.,* 510 Pa. 597, 511 A.2d 761 (1986). For example, in *Sharp,* the defendant filed a petition to strike a default judgment based on defective service. The return of service there stated that the complaint was delivered to the person in charge of defendant's "place of employment" instead of defendant's "office or usual place of business". *Sharp,* 422 Pa. at 126, 221 A.2d at 186 (interpreting former Rule 1009(b)(2)(iii), now Rule 402(a)(2)(iii)). Thus, we held that the judgment should be stricken because the defect appeared on the face of the record. *Sharp; see also Clymire v. McKivitz,* 350 Pa.Super. 472, 504 A.2d 937 (1986) (record was fatally defective on its face because it did not show that the complaint was served on the defendant and because the complaint did not contain a notice to plead).

 In contrast, a petition to open a judgment is an appeal to the equitable powers of the court. *First Seneca Bank & Trust Co. v. Laurel Mountain Development Corp.,* 506 Pa. 439, 485 A.2d 1086 (1984). It is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of that discretion. *Id.* Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly

filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense. *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973); *Liquid Carbonic Corp. v. Cooper & Reese, Inc.*, 272 Pa.Super. 462, 416 A.2d 549 (1979). However, where the party seeking to open a judgment asserts that service was improper, a court must address this issue first before considering any other factors. *United States Dep't of Housing and Urban Dev. v. Dickerson*, 358 Pa.Super. 23, 516 A.2d 749 (1986); *Mischenko v. Gowton*, 307 Pa.Super. 426, 453 A.2d 658 (1982); *Liquid Carbonic*. If valid service has not been made, then the judgment should be opened because the court has no jurisdiction over the defendant and is without power to enter a judgment against him or her. *Id.* In making this determination, a court can consider facts not before it at the time the judgment was entered. *Linett*. Thus, if a party seeks to challenge the truth of factual averments in the record at the time judgment was entered, then the party should pursue a petition to open the judgment, not a petition to strike the judgment. *Copley; see also Liquid Carbonic* (petition to open granted where record was facially valid at time judgment was entered but subsequent affidavits and depositions in support of the petition to open demonstrated that service was improper).

Here, Lee's Cleaning did not attempt to prove that there was a fatal defect on the face of the record at the time the judgment was entered, nor could it, because the return of service clearly stated that Virginia Watson was the person in charge of Lee's Cleaning's office at 3858 Pulaski Street. Instead, Lee's Cleaning challenged the truth of the factual averments in the return of service via the affidavit of Nina Kinnard filed with the petition to strike. The appropriate mechanism to bring this challenge is a petition to open the judgment, not a petition to strike the judgment. *Copley; Linett*. Accordingly, Lee's Cleaning's claim pursuant to Rule 424(2) is not properly before us. *Linett*.

Moreover, even if we were to view the petition to strike as a petition to open and consider the allegations in the Kinnard

affidavit, Lee's Cleaning still would not be entitled to relief. While there are few appellate cases interpreting the phrase "person for the time being in charge" in Rule 424(2), Pennsylvania courts addressing this issue have recognized that the purpose of the rule is to satisfy the due process requirement that a defendant be given adequate notice that litigation has commenced.[3] *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476 (3d Cir.1993); *Trzcinski v. Prudential Property and Casualty Ins. Co.,* 409 Pa.Super. 114, 597 A.2d 687 (1991). Thus, in *Grand Entertainment,* the Court of Appeals for the Third Circuit held that a receptionist, who was located in the lobby of a building where the defendants were tenants and who was not employed by the defendants, did not qualify as a "person for the time being in charge" because she did not have a sufficient connection to the defendants. Similarly, in *Trzcinski,* the Superior Court held that the receptionist of a law firm, which had previously represented the defendant in other matters, was not the "person for the time being in charge" of the defendant's regular place of business. Additionally, in *Fisher v. Kemble Park, Inc.,* 186 Pa.Super. 407, 142 A.2d 353 (1958), where the court interpreted the same language in Pa.R.C.P. 2180(a)(2), a predecessor to Pa.R.C.P. 424(2), the court held that service on a janitor in a building owned by the defendant was not sufficient. However, where service was made on a receptionist in the defendant's offices and the receptionist represented to the process server that she was the person in charge, the Superior Court held that service was proper. *Hopkinson v. Hopkinson,* 323 Pa.Super. 404, 470 A.2d 981 (1984) (interpreting Pa.R.C.P 2180(a)(2)), *overruled on other grounds, Sonder*

---

**3.** We note that a leading commentator on Pennsylvania practice has stated the following concerning the interpretation of a "person in charge for the time being" pursuant to Pa.R.C.P. 424(2):

It should not be possible for a defendant to avoid a valid service of original process by the device of placing an office or usual place of business under the control of a subsidiary or minor employee and thereafter taking the position that such person did not bear a proper relationship to the company so that service upon him or her would be sufficient to assure the requisite notice to the company.

Goodrich Amram 2d § 424(2):2 (1991).

*v. Sonder,* 378 Pa.Super. 474, 549 A.2d 155 (1988). The common thread among these cases is that there must be a sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice of the action against it.

The present case is more akin to *Hopkinson* than *Grand Entertainment, Trzcinski* or *Fisher.* Although the return of service here did not allege that Watson expressly represented that she was the person in charge, Cintas supplied this fact in a subsequent affidavit by Albert Zavodnick filed with its response to Lee's Cleaning's petition to strike. In the affidavit, Albert Zavodnick states that Watson "identified herself as the person in charge of the business at the aforesaid address, known as Lee's Cleaning Services, Inc." The trial court would have been able to consider this affidavit if Lee's Cleaning had filed a petition to open. *Copley; Linett.* Therefore, even if Lee's Cleaning had properly brought its challenge pursuant to Rule 424(2) in a petition to open, it would not be entitled to relief because service was proper. *Hopkinson.*

Accordingly, we reverse the Order of the Superior Court and reinstate the trial court's Order denying the petition to strike.

NIGRO, J., did not participate in the consideration or decision of this case.