J-S21024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEUTSCHE NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES, INC. ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2005-R4 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS MEISTER | |
| Appellant | No. 2090 EDA 2014 |

Appeal from the Order June 26, 2014
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 13-1582

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                **FILED APRIL 27, 2015**

Thomas Meister appeals from an order denying his petition to strike a default judgment entered against him in this ejectment action.  We affirm.

Deutsche Bank National Trust Company, as trustee for Ameriquest Mortgage Securities, Inc., Asset Backed Pass Through Certificates, Series 2005-R4 ("the Bank"), commenced this action in ejectment by filing a complaint on February 20, 2013 concerning Meister's property located at 23 Chester Avenue, Clifton Heights, Delaware County, Pennsylvania 19018 ("the Property").  After the Sheriff made several unsuccessful attempts to

---

[*] Retired Senior Judge assigned to the Superior Court.

serve Meister, the Bank moved for and obtained an order permitting special service by certified and regular mail to Appellant's last known address and by posting at the Property by the Sheriff. On July 13, 2013, the Property was posted, and on July 25, 2013, the Bank filed a certification of service affirming that it served the complaint by certified and regular mail on July 13, 2013. On August 22, 2013, the Bank filed a praecipe for entry of default judgment due to Meister's failure to answer the complaint. The Bank attached a ten-day notice of intent to enter a default judgment that it mailed to Meister on August 8, 2013.

The Bank commenced execution proceedings, but on the eve of the scheduled January 29, 2014 ejectment, Meister filed an emergency motion to stay the ejectment, claiming that the Bank's complaint in ejectment was defective for failure to attach a sheriff's deed poll. Following a hearing on January 29, 2014, the court denied the emergency motion. On February 4, 2014, the Bank filed a praecipe to re-issue the writ of possession.

On April 9, 2014, Meister filed a motion to strike the default judgment, claiming again that the Bank's complaint was defective for failure to attach a sheriff's deed poll. On June 26, 2014, the court denied the motion to strike. This timely appeal followed. Both Meister and the trial court complied with Pa.R.A.P. 1925.

Meister raises a single issue in this appeal: "When a sheriff's deed poll is not appended to an ejectment plaintiff's complaint, should the Court of

Common Pleas be reversed per its denial of Defendant's motion to strike default Judgment when the complaint is void *ab initio* by failure of that appendment pursuant to Pa.R.C.P. 1054(b)?"

A petition to strike a judgment "is a common law proceeding which operates as a demurrer to the record. The court may grant a petition to strike only for a fatal defect or irregularity appearing on the face of the record. An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered." *Cintas Corp. v. Lee's Cleaning Servs.*, 700 A.2d 915, 917 (Pa.1997). Also, "[w]hen deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered." *Id*. at 917; *Brooks v. B & R Touring Co.*, 939 A.2d 398, 400 (Pa.Super.2007).

This Court reviews the trial court's decision to deny a petition to strike to determine whether the record was sufficient to sustain the judgment. *Hazer v. Zabala*, 26 A.3d 1166, 1169 (Pa.Super.2011).

Pa.R.Civ.P. 1054(b) provides: "A party shall set forth in the complaint or answer an abstract of the title upon which the party relies at least from the common source of the adverse titles of the parties." According to Meister, this provision required the Bank to attach a sheriff's deed poll as an exhibit to its complaint. We disagree. An "abstract of title" is "simply a compilation in an abridged form of the record of the vendor's title; it is a

summary of the most important parts of the deeds and other instruments comprising the evidences of title, arranged in chronological order, and intended to show the original source and incidents of title." ***Busin v. Whiting***, 535 A.2d 1078, 1080 (Pa.Super.1987), ***reversed on different grounds***, 570 A.2d 508 (Pa.1989).[1]  Therefore, if the plaintiff's abstract reveals a defect in his chain of title, he will not have established a *prima facie* title, without which his claim must fail; the defendant need prove nothing. ***Id***.

The first three paragraphs of the Bank's complaint recite a perfectly satisfactory "abstract of title".  Paragraph 1 avers that Meister obtained title to the Property from Charles and Vesta Meister by deed dated August 7, 1979 and recorded by the Delaware County Recorder of Deeds on August 8, 1979 in Deed Book 2544, page 190.  Paragraph 2 avers that the Sheriff sold the Property to the Bank on November 16, 2012 in execution of a judgment entered in the Court of Common Pleas of Delaware County at No. 2007-4521.  Paragraph 3 avers that the Bank claims title to the Property by sheriff's deed recorded by the Delaware County Recorder of Deeds on December 26, 2012 at Instrument No. 2012081509, Book 5242, Page 1510. The complaint incorporates this deed by reference in accordance with

---

[1] The Supreme Court reversed and remanded our decision in ***Busin*** on the ground that the trial court improperly entered summary judgment in favor of a nonmoving party.  This decision does not affect our definition in ***Busin*** of an "abstract of title".

Pa.R.Civ.P. 1019(g). *See id*. ("a party may incorporate by reference … any matter which is recorded or transcribed verbatim in the … office of the … recorder of deeds … of such county"). These averments collectively set forth a chain of title extending back to the source of Meister's title. In the words of *Busin*, these averments "summar[ize] the most important parts of the deeds and other instruments comprising the evidences of title, arranged in chronological order, and intended to show the original source and incidents of title." *Id*., 535 A.2d at 1080. Thus, the abstract of title in the complaint is satisfactory under both Rule 1054(b) and *Busin*.

Meister's brief provides no authority for the proposition that the plaintiff must attach a sheriff's deed poll in order to comply with Rule 1054(b). To the contrary, the authorities discussed above demonstrate that the plaintiff need only set forth a satisfactory abstract of title in its complaint. The Bank's complaint met this requisite.

For these reasons, the trial court properly denied Meister's motion to strike the judgment in this ejectment action.

Order affirmed.[2]

---

[2] On March 17, 2015, we granted Meister leave to file a reply brief within fourteen days. This deadline expired on March 31, 2015 without receipt of any reply brief from Meister. We will not delay our disposition of this case any further.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2015