J-S12043-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| FIRMSTONE OIL CO., INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ELIMELECH RIGERMAN and LEONID | : | |
| RIGERMAN | : | |
| | : | |
| APPEAL OF: ELIMELECH RIGERMAN | : | No. 2511 EDA 2015 |

Appeal from the Order Entered July 28, 2015,
in the Court of Common Pleas of Wayne County,
Civil Division, at No(s): 1449-JUDG-2010

BEFORE: MUNDY, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED MARCH 04, 2016**

Elimelech Rigerman (Elimelech) appeals *pro se* from the order entered on July 28, 2015, which denied his motion to vacate default judgment. We affirm.

On May 4, 2010, Firmstone Oil Company (Firmstone) filed a complaint before Magisterial District Judge Theodore J. Mikulak against Elimelech and his father, Leonid Rigerman (Leonid) (collectively, the Rigermans) for failing to pay for heating oil in the amount of $592.12 plus costs. The complaint was served personally upon Elimelech at a Brooklyn, New York address on June 26, 2010 by Anthony Mazzella, a process server in New York. On July 29, 2010, a default judgment at the district court was entered against the Rigermans. The judgment was filed in the prothonotary's office of the Court of Common Pleas of Wayne County on August 31, 2010.

_____

*Retired Senior Judge assigned to the Superior Court.

On May 12, 2015, the Rigermans *pro se* filed a "Motion for Order to Vacate Default Judgment." The Rigermans asserted that Firmstone lacked personal jurisdiction over them; and, therefore they "are not bound by the usual appeal … deadlines, since the court needs personal jurisdiction to impose a judgment[.]" Motion for Order to Vacate Default Judgment, 5/12/2015, at ¶ 1. The Rigermans also asserted within this motion that "they meet all the requirements to file a late appeal" because "[t]here was no proper service." *Id*. at ¶ 3. On June 2, 2015, the trial court issued a rule to show cause on Firmstone. Firmstone filed an answer, and a hearing was held on July 6, 2015.

At the hearing, Leonid was represented by Attorney Jeffrey Treat.[1] Leonid called Summer Canfield, an employee for District Judge Mikulak, to testify. Canfield testified about the records kept for District Judge Mikulak. She testified that the affidavit of service indicates that service was made only on Elimelech. N.T., 7/6/2015, at 5. Steven Firmstone, the general manager of Firmstone, also testified. He testified that the Rigermans were listed as the billing address for a heating oil account for a home in Beach Lake, Pennsylvania.[2] According to his testimony, oil was delivered and

---

[1] Neither of the Rigermans attended the hearing personally.

[2] The record includes a June 23, 2009 deed for property located at 13 Hill Street in Beach Lake in Wayne County. The deed shows that Elimelch granted a two-thirds interest in the property to Yisroel Rigerman and Moshe Rigerman.

- 2 -

payment was made on a regular basis for a period of time for that account. At some point, a "dispute among the family members" arose as to who ordered the heating oil. *Id*. at 9. That dispute, resulting in Firmstone's not getting paid for its last delivery of heating oil, led to Firmstone filing the complaint against the Rigermans in Wayne County. Steven Firmstone testified that the complaint was mailed to the Brooklyn address, but "they were not signing for their mail." *Id*. at 10. Firmstone then paid a company to serve the Rigermans. At the close of testimony, counsel for Leonid argued that Leonid never received service of the complaint and he is not on the deed to the property; thus, he requested the trial court open the judgment against him.

On July 28, 2015, the trial court entered an order striking the judgment against Leonid.[3] The trial court denied the motion to vacate the judgment with respect to Elimelech.[4]

Elimelech filed *pro se* a notice of appeal from that order. He also filed both a "concise statement of errors on appeal" that included 17 allegations of error and a "concise list of errors complained [of] on appeal[]" setting

---

[3] The trial court concluded that the judgment should be stricken with respect to Leonid because "it appears from the facts of record that proof of service was never filed with the original complaint." Trial Court Order, 7/28/2015, at n. 1.

[4] Despite the fact that Elimelech called his motion a motion to "vacate" the judgment, we must look to the substance of the motion to determine whether to treat it as a petition to open or a petition to strike the judgment. *See Erie Ins. Co. v. Bullard*, 839 A.2d 383 (Pa. Super. 2003).

- 3 -

forth eight errors. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

We set forth the relevant principles of law that guide our review of this matter.

> A petition to strike a default judgment and a petition to open a default judgment are generally not interchangeable. A petition to strike does not involve the discretion of the court. Instead, it operates as a demurrer to the record. A demurrer admits all well-pleaded facts for the purpose of testing conclusions of law drawn from those facts. Because a petition to strike operates as a demurrer, a court may only look at the facts of record at the time the judgment was entered to decide if the record supports the judgment. A petition to strike can only be granted if a fatal defect appears on the face of the record.
>
> ***
>
> In contrast, a petition to open a judgment is an appeal to the equitable powers of the court. It is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of that discretion. Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense.

*Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 918-19. (Pa. 1997) (citations omitted).

Elimelech first argues that the complaint itself was defective; thus, the judgment is void and should be stricken. Specifically, he contends that the complaint filed by Firmstone at the district court was in violation of Pa.R.M.D.J. 304, which governs complaints filed before the magisterial

district judge. He argues that Firmstone "deliberately signed a false name" when he signed one document as "Steve" when his legal name is "Steven." Elimelech's Brief at 28. He also claims that Firmstone "deliberately left out all the relevant legally required information from the complaint, to preclude [Elimelech] from being able to present a proper defense[.]" *Id*. at 29.

The trial court offered the following in response to these contentions.

> The complaint that commences a civil action in a magisterial district court[] shall include: (1) "the names and addresses of the parties," (2) ["]the amount claimed," and (3) ["]a brief and concise statement of the facts upon which the claim is based." Pa.R.C.P.M.D.J. 304(c). The brief concise statement of the facts in the complaint shall include "the date, time and place of occurrence and a brief description of the damages." *Id*.
>
> In this case, there was no fatal defect evident on the face of the record at the time default judgment was entered. The filed civil complaint consisted of the names and addresses of the parties, the amount claimed, and a concise statement of the facts. The information in the complaint was more than enough to put [Elimelech] on notice of what he was being accused of…. Therefore, this [c]ourt finds that [Elimelech] is not entitled to a court order vacating the [judgment] in this case.

Trial Court Opinion, 10/5/2015, at 2-3.

We discern no error in the trial court's conclusion. A review of the record supports the trial court's determination that based on the facts of record, the complaint filed by Firmstone was not defective. Accordingly, we agree with the trial court that the judgment should not be stricken on this basis.

- 5 -

Elimelech next argues that he was not properly served with the complaint; therefore, the district court lacked jurisdiction over him. Elimelech's Brief at 44. Specifically, Elimelech argues that service by process server Anthony Mazzella in New York City was improper because Anthony Mazzella was not a licensed process server at that time. *Id*.

> If valid service has not been made, then the judgment should be opened because the court has no jurisdiction over the defendant and is without power to enter a judgment against him or her. In making this determination, a court can consider facts not before it at the time the judgment was entered. Thus, if a party seeks to challenge the truth of factual averments in the record at the time judgment was entered, then the party should pursue a petition to open the judgment, not a petition to strike the judgment…. ***[S]ee [] Liquid Carbonic [Corp. v. Cooper & Reese, Inc.***, 416 A.2d 549 (Pa. Super. 1979)] (petition to open granted where record was facially valid at time judgment was entered but subsequent affidavits and depositions in support of the petition to open demonstrated that service was improper).

***Cintas***, 700 A.2d at 919.

As to this issue, Elimelech's argument that Anthony Mazzella was not a licensed process server, and was therefore unauthorized to serve Elimelech pursuant to the rules, does not constitute a "fatal defect or irregularity appearing on the face of the record." ***Id.***, 700 A.2d at 917. ***Cf***. ***Brooks v. B & R Touring Co.***, 939 A.2d 398 (Pa. Super. 2007) (holding that the service of the complaint made upon Beverly Frey when the complaint listed only B & R Touring Company as a defendant was a defect apparent from the face of the record rendering the judgment entered void and properly stricken by the trial court).

- 6 -

Accordingly, this portion of the motion to vacate default judgment must be treated as a petition to open the default judgment. Elimelech had the burden of offering proof to satisfy the aforementioned three-prong test. *See Sisson v. Stanley*, 109 A.3d 265, 279 (Pa. Super. 2015) ("[T]he burden of proof with respect to disputed issues of material fact rests with the petitioner, since if the petitioner fails to present evidence, the trial court must accept as true the allegations of fact in the respondent's answer."). However, Elimelech did not appear, nor was he represented, at the hearing on the rule to show cause. Therefore, he could not meet his burden of proof, and the trial court did not err in refusing to open the judgment.

Based on the foregoing, we affirm the order of the trial court denying Elimelech's motion to vacate default judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/4/2016

- 7 -