IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terraces at East Falls          :
Condominium Association          :
                                 :
        v.                       :
                                 :
East Falls Terraces, LLC,        :   No. 2076 C.D. 2015
              Appellant          :   Submitted: December 12, 2016


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                      FILED:  August 2, 2017


        East Falls Terraces, LLC (East Falls) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) denying its Petition to Open Default Judgment.  Upon review, we affirm.

        East Falls owns several condominium units within the Terraces at East Falls Condominium Association (the Association).  On January 28, 2014, the Association filed a Statement of Claim in the Philadelphia Municipal Court (Municipal Court) seeking judgment for unpaid condominium dues, assessments, late fees, and acceleration of 2014 condominium fees against Unit 303, 3343 Conrad Street, Philadelphia, Pennsylvania (Unit 303), for a total amount of $6,308.00.[1]  On March 7, 2014, the Association filed an Affidavit of Service on

---

[1] Two companion cases were filed by the Association for Units 301 and 402, also located at 3343 Conrad Street in Philadelphia.  This Court disposed of an appeal filed by East Falls in regards to Unit 301 in *Terraces at East Falls Condominium Association v. East Falls Terraces, LLC,* (Pa. Cmwlth. No. 736 C.D. 2016, filed January 27, 2017), 2017 WL 382941.

East Falls. The Affidavit stated that on February 28, 2014, at 1:38 p.m., service was made at 24 Luella Court, Suite 300, in Wayne, Pennsylvania 19087, on an adult in charge of the residence who refused to give a name or relationship. This adult was described as a thirty-five year old white female, approximately 5'8", and one hundred seventy pounds.

On March 13, 2014, following a hearing, a default judgment was entered for the Association in the amount of $6,308.00, plus $78.00 in costs. The Association instituted garnishment proceedings on August 1, 2014. East Falls filed a Petition to Open Default Judgment on April 14, 2015. This petition was denied by the Municipal Court on April 18, 2015 on the basis the defense was without merit.

East Falls filed a Petition to Open Default Judgment with the trial court on June 9, 2015. The petition averred East Falls was not provided notice or properly served and the Affidavit of Service was fraudulent. The trial court denied the petition on July 31, 2015. This appeal followed.[2]

## DISCUSSION

The essential issue before this Court is whether the trial court erred in denying the Petition to Open Default Judgment.

To open a default judgment, the moving party must meet the following test: (1) the petition to open default judgment must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party

---

[2] The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or an error of law. *Alba v. Urology Associates of Kingston*, 598 A.2d 57, 58 (Pa. Super. 1991).

seeking to open judgment must provide a meritorious defense. *Cintas Corp. v. Lee's Cleaning Service, Inc.*, 700 A.2d 915, 919 (Pa. 1997). Where a party seeking to open a judgment asserts that service was improper, a court must address this issue first before considering any other factors. *Id.* If valid service has not been made, the judgment should be opened because the court has no jurisdiction over the defendant and is without power to enter a judgment against him or her. *Id.*

East Falls argues it did not receive notice of the entry of the default judgment until more than eight months later, in May 2015,[3] when one of its tenants whose rent was subject to garnishment forwarded a copy of the Notice of Entry of Default Judgment. (East Falls' Brief at 9-10.) In support of this argument, East Falls references a hearing held on June 23, 2014 in which a Municipal Court judge noted defects in service. *Id.* at 13. The documentary evidence cited by East Falls, however, clearly relates to a different property and default judgment, an appeal of which is not presently before this Court. (Reproduced Record (R.R.) at 154a-157a.) East Falls further questions the Affidavit of Service because the description of the individual who accepted service was too similar to those set forth in the Affidavits of Service filed by the Association in its companion cases filed at the same time as the present matter. *Id.* at 13.

Service is governed by Pa.R.C.P. No. 402. The purpose of this rule is to satisfy the due process requirement that a defendant be given adequate notice that litigation has commenced. *Cintas*, 700 A.2d at 919-920. The Affidavit of Service filed by the Association on March 7, 2014 documents personal service

---

[3] Eight months from the March 13, 2014 date of judgment would place East Falls' receipt of notice in November of that same year.

upon an unidentified adult female at 24 Luella Court, Suite 300, in Wayne, PA.[4] (R.R. at 26a.) The affidavit was made subject to the criminal penalties set forth in Section 4904 of the Crimes Code, 18 Pa.C.S. § 4904. Municipal Court and the trial court accepted the affidavit as having satisfied the due process requirements of Rule 402. East Falls has pleaded no facts which lead us to conclude this was an abuse of discretion.

Having concluded East Falls received notice of the pending litigation with the Association, we now turn to whether it has met the test required to open a default judgment.

First, the petition must be filed promptly. *Cintas*, 700 A.2d at 919. Timeliness is measured from the date notice is received from the entry of the default judgment. *Pappas v. Stefan*, 304 A.2d 143 (Pa. 1973). The record shows the default judgment was mailed to the Luella Court address on March 13, 2014. (R.R. at 170a.) East Falls filed its petition more than a year later. *Id.* at 175a. We have already concluded the trial court committed no abuse of discretion in determining service was sufficient in this case. East Falls has provided no excuse beyond lack of notice for its lengthy delay in filing. Consequently, we must conclude no abuse of discretion was committed in the trial court's determination that East Falls failed to file its petition to open promptly.

Next, in order to prevail, the petitioner's failure to appear or file a timely answer must be excused. *Id*. East Falls claims it did not appear or answer because it did not receive notice. As we discern no abuse of discretion in the

---

[4] In its brief, East Falls asserts service was made at Unit 303 in Philadelphia. This assertion is clearly contradicted by the Affidavit included with the reproduced record filed by East Falls.

determination of the trial court that service was sufficient, we conclude East Falls has not presented an adequate excuse for its absence in the underlying litigation.

Finally, the party seeking to open judgment must provide a meritorious defense. *Id*. The petition of East Falls contains no defense to or denial of the allegation that it owed the Association outstanding condominium dues, assessments, and late fees. As such, and notwithstanding any other impediment, East Falls has failed to meet the third prong of the test, and thus cannot prevail herein.

For these reasons, we affirm.

_____
JOSEPH M. COSGROVE, Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terraces at East Falls           :
Condominium Association      :
                                   :
             v.                     :
                                   :
East Falls Terraces, LLC,       :     No. 2076 C.D. 2015
                Appellant      :

# O R D E R

AND NOW, this 2nd day of August, 2017, the July 31, 2015 order of the Court of Common Pleas of Philadelphia County is affirmed.

_____
JOSEPH M. COSGROVE, Judge