J-A13026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON AS TRUSTEE FOR CIT MORTGAGE LOAN TRUST 2007-1 | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : | |
| | : | No. 1665 WDA 2017 |
| DAVID C. WILLIAMS | : : | |

Appeal from the Order Entered October 10, 2017
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  MG-16-001360

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

DISSENTING MEMORANDUM BY OLSON, J.:     **FILED NOVEMBER 21, 2018**

I must respectfully dissent from my learned colleagues.  I do not believe that there is "a fatal defect or irregularity [that] is apparent from the face of the record" in this case; therefore, I would vacate the trial court's order in full. I will explain.

To summarize, on October 13, 2016, Appellant, the Bank of New York Mellon, as Trustee for CIT Mortgage Loan Trust 2007-1, filed a complaint in mortgage foreclosure against David C. Williams (hereinafter "Mr. Williams"), seeking to foreclose upon Mr. Williams' residential mortgage.  Within its complaint, Appellant averred:

> On or about January 15, 2016, [Mr. Williams] was mailed Notice of Homeowner's Emergency Assistance Act of 1983, in compliance with the Homeowner's Emergency Assistance Act, Act 91 of 1983 and pursuant to 12 PA Code Chapter 31,

> Subchapter B, Section 31.201 *et seq.* A true and correct copy of said Notice is attached hereto as Exhibit "D."

Appellant's Complaint, 10/13/16, at ¶ 9. Appellant then attached the Act 91 notice to its complaint. **See id.** at Exhibit "D."

Mr. Williams did not respond to the complaint and, after the requisite notice, the prothonotary entered a default judgment, *in rem*, in favor of Appellant and against Mr. Williams. Default Judgment, 12/20/16, at 1.

On March 3, 2017, Mr. Williams filed a motion to strike the default judgment. As is relevant to the current appeal, Mr. Williams claimed that the judgment must be stricken because "there is nothing in the complaint or record [that] avers or substantiates that the notice required under Section 403 of the Loan Interest and Protection Law [(hereinafter "Act 6")] was sent by registered or certified mail." Mr. Williams' Motion to Strike Default Judgment, 3/3/17, at ¶ 21 (internal emphasis and some internal capitalization omitted). The trial court agreed with Mr. Williams and struck the default judgment because "the record lack[s] any indication that the notice of intention to foreclose had been sent by [Appellant] to [Mr. Williams] *via* registered or certified mail." Trial Court Opinion, 12/5/17, at 1. The majority affirms this aspect of the trial court's order. Respectfully, I believe that the trial court erred when it struck the default judgment and that we must therefore vacate the trial court's order.

The trial court and the majority cited the proper standard that a court must apply when ruling upon a motion to strike a default judgment. To repeat:

A petition to strike does not involve the discretion of the court. Instead, it operates as a demurrer to the record. A demurrer admits all well-pleaded facts for the purpose of testing conclusions of law drawn from those facts. Because a petition to strike operates as a demurrer, a court may only look at the facts of record at the time the judgment was entered to decide if the record supports the judgment. A petition to strike can only be granted if a fatal defect appears on the face of the record.

*Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 918-919 (internal citations omitted). Moreover, since a motion to strike a default judgment is solely a question of law, our standard of review on appeal is *de novo* and our scope of review is plenary. *Oswald v. WB Public Square Assocs., LLC*, 80 A.3d 790, 793 (Pa. Super. 2013).

However, while the trial court and the majority cited the proper standard for striking a default judgment, I believe that the courts incorrectly applied the standard in the case at bar.

As the majority recognizes, "[a]n Act 91 notice must contain all of the required information of Act 6." Majority Memorandum at *6; *see also* 35 P.S. § 1680.403c(b)(1) ("[t]he [Pennsylvania Housing Finance Agency] shall prepare a notice which shall include all the information required by this subsection and by section 403 of" Act 6). Further, like Act 6, Act 91 mandates that the combined Act 6/Act 91 notice be sent to the homeowner "[b]y registered or certified mail." 12 Pa. Code § 31.203(a)(6)(ii); *see also* 41 P.S. 403(b) (under Act 6, "[n]otice of intention to take action as specified in subsection (a) of this section shall be in writing, sent to the residential

- 3 -

mortgage debtor by registered or certified mail at his last known address and, if different, at the residence which is the subject of the residential mortgage"). Therefore, when Appellant averred in its complaint that, "[o]n or about January 15, 2016, [Mr. Williams] was mailed Notice of Homeowner's Emergency Assistance Act of 1983, **in compliance with**" Act 91, Appellant was not merely averring that the information sent in the notice was proper (*i.e.*, that the notice contained all information required by Act 91 and, *ergo*, Act 6), but also that the notice satisfied all other requirements of Act 91, including that the notice was sent to Mr. Williams "[b]y registered or certified mail." Appellant's Complaint, 10/13/16, at ¶ 9 (emphasis added); 12 Pa. Code § 31.203(a)(6)(ii). Therefore, I would vacate the trial court's order on this basis alone, as the record indicates that Appellant, in fact, sent the combined Act 6/Act 91 notice by registered or certified mail.

Moreover, even if the majority disagrees with how I interpret paragraph 9 of Appellant's complaint, it certainly cannot be said that paragraph 9 of, or Exhibit "D" to, Appellant's complaint demonstrates that Appellant **did not** send the requisite notice by registered or certified mail. As noted, "[a] petition to strike can only be granted if **a fatal defect appears on the face of the record**." *Cintas Corp.*, 700 A.2d at 918-919 (emphasis added). In the absence of any evidence or allegation in the complaint that Appellant **failed** to send the combined Act 6/Act 91 notice by registered or certified mail, I

believe that we must vacate the trial court's order, as no defect regarding the

mailing or the notice appears "on the face of the record."[1]

_____

[1] Moreover, no rule or law mandates that a plaintiff affirmatively aver that the combined Act 6/Act 91 notice was sent by registered or certified mail. To be sure, Pennsylvania Rule of Civil Procedure 1147 declares:

> (a) The plaintiff [in a foreclosure action] shall set forth in the complaint:
>
> > (1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;
> >
> > (2) a description of the land subject to the mortgage;
> >
> > (3) the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;
> >
> > (4) a specific averment of default;
> >
> > (5) an itemized statement of the amount due; and
> >
> > (6) a demand for judgment for the amount due.

Pa.R.C.P. 1147(a). Simply stated, Rule 1147 contains no requirement that a plaintiff aver the manner in which it mailed the notice.

I also observe that the note to Rule 1147 declares: "[i]f the mortgage is a residential mortgage under Act No. 6 of 1974, 41 P.S. § 101, the complaint should set forth an averment of compliance with the provisions of Section 403 of Act No. 6, 41 P.S. § 403." *Id.* at Note. We have held that the language in the Rule's note is merely precatory. *The Ministers and Missionaries Benefit Bd. of the Am. Baptist Churches v. Goldsworthy*, 385 A.2d 358, 364 (Pa. Super. 1978), *disapproved of on other grounds by* **Marra v. Stocker**, 615 A.2d 326 (Pa. 1992). Regardless, in the case at bar, Appellant averred that, "[o]n or about January 15, 2016, [Mr. Williams] was mailed Notice of Homeowner's Emergency Assistance Act of 1983, **in compliance with**" Act 91. Appellant's Complaint, 10/13/16, at ¶ 9 (emphasis added). As explained

I thus respectfully dissent.

_____

above, I believe this statement necessarily includes the averment that Appellant sent the combined Act 6/Act 91 notice "[b]y registered or certified mail." **See** 12 Pa. Code § 31.203(a)(6)(ii). At the very least, the averment cannot be construed to mean that Appellant **did not** send the notice by registered or certified mail.