J-A28005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PATTI COPELAND-BROOKS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERA ONE SOURCE REALTY | : | |
| | : | |
| Appellant | : | No. 627 MDA 2018 |

Appeal from the Order Entered March 16, 2018
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2014-7307

BEFORE:  LAZARUS, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:          **FILED: JANUARY 28, 2019**

ERA One Source Realty (ERA) appeals from the order, entered in the Court of Common Pleas of Luzerne County, denying its motion to strike the judgment entered in favor of Patti Copeland-Brooks (Brooks).  The court denied relief because ERA failed to challenge an arbitration award within the 30-day appeal period provided under Pa.R.C.P. 1307.[1]  After our review, we affirm.

On June 18, 2014, Brooks, represented by John P. Rodgers, Esquire, filed a complaint against ERA, seeking reimbursement for fees, commissions and expenses, amounting to $15,792.09, pursuant to an oral employment agreement.  ERA filed an answer and new matter on August 16, 2014, and

---

[1] Rule 1307(c) provides: "If no appeal is taken within thirty days after the entry of the award on the docket, the prothonotary on *praecipe* shall enter judgment of the award."  Pa.R.C.P. 1307(c).

two and one-half years later, on February 27, 2017, Brooks filed a reply to new matter.

Brooks filed a certification for arbitration, and the matter was scheduled for a hearing on July 17, 2017. The arbitration certification listed ERA's counsel of record as: Jason M. O'Malley, Esquire, 310 Spruce Street, Suite 201, Scranton, PA 18503, 570-955-0055. That same name and address was listed on the *praecipe* for appointment of arbitrators.

On July 17, 2017, the arbitrators awarded a default judgment in favor of Brooks in the amount of $15,276.39. The award, filed on July 17, 2017, indicated that it was mailed to all parties that same day. **See** Arbitration Award, 7/17/17. On September 18, 2017, Attorney Rodgers filed a *praecipe* for entry of final judgment, noting that the award was not appealed by ERA. **See** *Praecipe* for Final Judgment, 9/18/17. **See supra** n.1. On that date, the Luzerne County Prothonotary entered judgment on the award. **See** Entry of Judgment, 9/18/17. **See also** 42 Pa.C.S.A. § 7361(d) ("In the absence of appeal the judgment entered on the award of arbitrators shall be enforced as any other judgment of court."). On October 31, 2017, Brooks filed a *praecipe* for writ of execution, which was issued by the Luzerne County Clerk of Judicial Records.

Three months later, on December 27, 2017, ERA filed a petition to open and/or strike the judgment and to strike the writ of execution. ERA averred in its petition that Attorney O'Malley had moved (ostensibly between August 2014, when he filed ERA's answer and new matter, and June 2017, when

Attorney Rodgers filed certification of arbitration), and, thus, ERA argued Attorney O'Malley never received notice of the arbitration.[2]  ERA also alleged that Luzerne County never served notice of the arbitration order.  **See** Petition to Open and/or Strike Arbitration Judgment and to Strike Writ of Execution, 1/27/17, at 2.

In response, Brooks averred that after ERA did not appear at the arbitration, one of the arbitrators called Attorney O'Malley as a courtesy, prior to the arbitration, and was told by Attorney O'Malley that William E. Vinsko, Esquire (current counsel for ERA), was representing ERA.  After the arbitration, Attorney Rodgers contacted Attorney Vinsko and informed him of the arbitration award.  On August 8, 2017, ten days prior to the end of the 30-day appeal period, Attorney Rodgers provided Attorney Vinsko with the following documents:

1. Docketing statement, printed August 8, 2017, indicating Attorney O'Malley was listed as counsel of record for ERA;

---

[2] We note that there is nothing in the record or in ERA's brief indicating that Attorney O'Malley notified the court of his change of address.  Moreover, we note that in her Answer to ERA's Petition to Strike/Open, Brooks specifically denied ERA's allegation that Attorney O'Malley had moved and was not at the address where the Certificate of Arbitration was sent.  **See** Answer, 2/12/18, at ¶ 5.  As discussed *infra*, ERA failed to proceed in accordance with Pa.R.C.P. 206.4, which is required where there are disputed issues of fact in the petition and answer. The purpose is to "create a record from which the court may determine disputed issue of fact raised by the petition and answer.  **See also** Pa.R.C.P. 206.7(c) (if petitioner does not proceed in accordance with petition and answer rules, "the petition shall be decided on petition and answer and *all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted*[.]") (emphasis added).

2. Sheriff service return indicating personal service of complaint on June 23, 2014;

3. *Praecipe* for entry of appearance filed by Attorney O'Malley;

4. Correspondence to Attorney O'Malley enclosing a time-stamped copy of certification of arbitration;

5. Hearing notice from Luzerne County Clerk of Judicial Records.

Plaintiff's Brief in Opposition to Defendant's Petition to Open and/or Strike, 2/12/18, at 2. Moreover, on September 5, 2017, Attorney Rodgers notified Attorney Vinsko by letter that he intended to file a *praecipe* for entry of judgment on behalf of Brooks within ten days. **See** Letter, 9/5/17.

The trial court denied ERA's petition. On appeal, ERA argues the trial court erred and abused its discretion in denying the petition to open and/or strike. We disagree.

> To obtain relief from the entry of a default judgment, the law provides two distinct remedies. An aggrieved party may file a petition to strike a default judgment and/or a petition to open a default judgment, but the remedies are not interchangeable. A petition to strike operates as a demurrer to the record and does not involve the discretion of the court. As such, the court may only look to the facts of record at the time the judgment was entered to decide if the record supports the judgment. A petition to strike can only be granted if a fatal defect appears on the face of the record. In contrast, a petition to open judgment is an appeal to the court's equitable powers. It is committed to the sound discretion of the court and will not be disturbed absent a manifest abuse of discretion. To be successful, a petition to open a judgment must meet the following test: the petition must be promptly filed; the failure to appear or file a timely answer must be excused; and, the party seeking relief must show a meritorious defense. A party seeking to challenge the factual averments in the record at the time the judgment was entered should file a petition to open the judgment.

***Cintas Corp. v. Lee's Cleaning Serv., Inc.***, 700 A.2d 915, 918 (Pa. 1997).

At the argument held before President Judge William H. Amesbury, Attorney Vinsko confirmed that one of the arbitrators called his office and also called Attorney O'Malley on the day of the arbitration. At that time, Attorney Vinsko was not counsel of record. Attorney Vinsko also stated that Attorney Rodgers "promptly provided me with documentation of what he had in terms of service records. And while the certificate of arbitration was provided to Attorney O'Malley by Attorney Rodgers, it wasn't his responsibility to serve the actual arbitration notice[.]" N.T., 2/12/18, at 3.

Six months elapsed between entry of the award in July 2017 and ERA's filing of its petition to open and/or strike. Even if ERA did not receive notice of the certification of arbitration, Brooks alleged that ERA, through Attorney Vinsko, was made aware of the arbitration award in August 2017, prior to the expiration of the 30-day appeal period, and was made aware of Brooks' intent to file a *praecipe* for entry of final judgment in September 2017. ERA has failed to explain the three-month delay from that point, until December 27, 2017, in seeking to open or strike the judgment. Additionally, we agree with the court's finding that ERA, whether through Attorney O'Malley or Attorney Vinkso, had actual notice.

The trial court also noted that ERA failed to proceed in accordance with Pa.R.C.P. 206.4, which is required where there are disputed issues of fact in the petition and answer. Instead, ERA proceeded in Miscellaneous Court with a brief and appeared for oral argument. Thus, there is no evidentiary record.

ERA did not respond to Brooks' answer, and the record before us does not establish a dispute exists as to Brooks' allegations that both Attorney O'Malley and Attorney Vinsko had actual notice of the arbitration award and that Attorney Vinsko was made aware of Brooks' intent to file a *praecipe* for entry of final judgment. **See** Pa.R.C.P. 206.7(c) (if petitioner does not proceed in accordance with petition and answer rules, "the petition shall be decided on petition and answer and *all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted*[.]") (emphasis added); **see also supra**, n.2. The trial court, therefore, having no evidentiary record and finding no fatal defects of record, did not abuse its discretion in denying ERA relief.[3]

ERA argues, in the alternative, that Luzerne County Local Rule 1312 precluded an appeal from the arbitration award. ERA presents this argument in its summary of argument, but the argument section of its brief is devoid of any discussion or analysis pertaining to this claim. Issues that are not developed in the argument section of an appellate brief are waived. **Harkins**

---

[3] We note that this Court's docket sheet indicates that Attorney Vinsko is counsel of record for ERA. The certified docket from Luzerne County, however, filed in this Court on June 7, 2018, lists Attorney O'Malley as counsel of record for ERA. We also note that the record does not indicate that Attorney O'Malley has withdrawn his appearance, nor does it include an entry of appearance for Attorney Vinsko.

*v. Calumet Realty Co.*, 614 A.2d 699, 703 (Pa. Super. 1992). We, therefore, find this claim waived.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/28/2019

_____

[4] We note that ERA has misapprehended the local rule. Local Rule 1312 precludes a *de novo* proceeding where a party failed to appear and the matter was heard before the trial court. Here, the matter was before the arbitration panel, not the trial court. The rule provides:

> **Rule 1312. Appeal**
>
> (a) Any party may appeal from the findings or award of the Board of Arbitrators to the court. *Appeals shall result in de novo proceedings before the trial court, except where one or more parties failed to appear and the matter was initially heard before the trial court*, as stated in the written notice required by Luz. Co. R.C.P. No. 1306(b).
>
> (b) The cost of appeal shall be set by court order and shall include a sum to compensate the fees of the Arbitration Board.
>
> (c) Simultaneously with the filing of the appeal, appellant shall file a Certificate of Readiness for Trial with the Clerk of Judicial Records, serve all parties and shall deliver a time-stamped copy to the Office of Court Administration which shall assign the case to a Judge for trial in the ordinary course.

https://www.luzernecounty.org/DocumentCenter/View/2739/Luzerne-County-Rules-of-Civil-Procedure (last visited 1/14/19) (emphasis added).