J-S47011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CROP PRODUCTION SERVICES, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| 5 STAR FARMS, LLC & VICKI MARTIN | : | |
| | : | |
| Appellant | : | No. 187 MDA 2019 |

Appeal from the Order Entered January 4, 2019
In the Court of Common Pleas of Franklin County Civil Division at No(s):
2018-02157

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 30, 2019**

Appellants, 5 Star Farms, LLC and Vicki Martin, appeal from the January 4, 2019 Order entered in the Franklin County Court of Common Pleas denying their Petition to Open Default Judgment.  After careful review, we affirm.

The trial court set forth the relevant facts and procedural history as follows:

> Appellant are engaged in the business of "custom farming" in Franklin County[,] Pennsylvania.  Appellee[, Crop Production Services] is engaged in selling various farming products.  In March 2014, Appellee and Appellants entered into a contract whereby Appellees would provide financing to Appellant to purchase Appellee's farming products.  After receiving their financed products, Appellants failed to pay Appellee as the contract required.  Appellee commenced a civil action against Appellants on May 25, 2018.  Appellee's Complaint alleged breach of contract and unjust enrichment claims against Appellant 5 Star and violation of a personal guaranty against Appellant Martin.  All of Appellee's claims alleged that Appellants had failed to pay for the financed products and demanded judgment in the amount of $84,058.09.

Appellant's did not answer Appellee's Complaint[,] nor did they file any other responsive pleadings. After nearly two months, Appellee filed a *Praecipe* for Default Judgment against Appellants on July 18, 2018. This [c]ourt entered default judgment in Appellees favor on the same day. Shortly thereafter, Appellees took the necessary action to collect their judgment from Appellants.

[More than five months later, o]n December 28, 2018, Appellants filed a Motion for Stay of Execution, a Petition to Open Judgment and an Answer to Appellee's Complaint. On January 2, 2019, after reviewing the Petition and Motion, this [c]ourt ordered Appellee to file an Answer thereto. On January 2, 2019, Appellee filed its Answers.

Trial Ct. Op., 3/11/19, at 2-3 (citations and footnote omitted).

On January 4, 2019, the trial court denied Appellants' Petition to Open Judgment and Motion to Stay Execution.

Appellants timely appealed. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following issue on appeal:

[] Did the [l]ower [c]ourt abuse its discretion by failing to exercise its equitable powers to prevent [Appellee] from perpetrating a fraud upon the [c]ourt?

Appellants' Brief at 5.

In their sole issue, Appellants challenge the trial court's Order denying their Petition to Open Judgment.

We review an Order denying a Petition to Open Default Judgment for an abuse of discretion. *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 919 (Pa. 1997). "Ordinarily if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be

- 2 -

excused; and (3) the party seeking to open the judgment must show a meritorious defense." *Id.*

Appellants concede in their Brief that they did not timely file their Petition to Open Default Judgment and that their 163-day delay in filing is "not likely to be excused." Appellants' Brief at 11. Appellants argue, however, that "extraordinary circumstances [] exist" that "should equitably excuse [the] extensive delay[.]"[1] *Id.* In sum, Appellant's acknowledge that they failed to satisfy the three prongs of the test set forth in *Cintas Corp.*, but "seek[] an equitable exception to the [three]-prong test, in the nature of *nunc pro tunc* [relief]." *Id.* at 12.

In support of this argument, Appellants cite to irrelevant authority pertaining to procuring permission to file an appeal *nunc pro tunc*. *Id.* (citing *McKeown v. Bailey*, 731 A.2d 628, 630 (Pa. Super. 1999), and *Fischer v. UPMC Northwest*, 34 A.3d 115 (Pa. Super. 2011)). They have not, however, cited any authority relevant to their claim that an equitable exception to the three-prong test for opening a Default Judgment exists, in contravention of Pa.R.A.P. 2119(a) (requiring that the argument section of an appellate brief includes discussion and citation of pertinent authorities). Given Appellants' failure to develop their argument with citation to relevant authority, we find

---

[1] The "extraordinary circumstances" referred to by Appellants consist of an allegation that Appellant Martin's signature on the contract between the parties had been forged by an unknown person. While this alleged fact may demonstrate a meritorious defense, we agree with the trial court that it is not a "reasonable excuse for failing to file a responsive pleading to Appellee's Complaint." Trial Ct. Op. at 7.

this issue waived. ***See***, ***e.g.***, ***In re Estate of Whitley***, 50 A.3d 203, 209-10 (Pa. Super. 2012) (explaining that the failure to cite relevant legal authority constitutes waiver of the claim on appeal).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/30/2019