**Michael FLYNN, Appellee,**

v.

**AMERICA WEST AIRLINES, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1999.

Filed Nov. 30, 1999.

---

Jill Fisher, Philadelphia, for appellant.

Michelle R. Sergent, Philadelphia, for appellee.

Before JOHNSON and STEVENS, JJ., and CIRILLO, President Judge Emeritus.

STEVENS, J.:

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Philadelphia County denying Appellant America West Airlines' (America West) petition to open the default judgment entered against it.[1] On appeal, America West contends that the trial court abused its discretion in failing to open the default judgment. We affirm.

¶ 2 The relevant facts and procedural history are as follows: On September 27, 1998, Appellee Michael Flynn flew from Baltimore to Phoenix and then to Los Angeles via America West, and from Los Angeles to Honolulu via Northwest Airlines. Upon arrival in Honolulu, Mr. Flynn, who was scheduled to compete in the Iron Man Triathlon, discovered that his bags, which contained the equipment he needed to participate in the event, had been misplaced. As a result of the lost baggage, Mr. Flynn was unable to compete in the event for which he had spent a year training.

¶ 3 On October 13, 1998, he filed a complaint in the Philadelphia Municipal Court seeking monetary damages from America West. A hearing was held in the Municipal Court on November 17, 1998; Mr. Flynn appeared for the hearing, but America West did not. The Municipal Court entered a judgment by default in the amount of $10,048.50 against America West on November 17, 1998, and, on December 11, 1998, counsel for America West filed a petition to open the default judgment. Subsequent to the hearing held on January 25, 1999, the Municipal Court denied America West's petition to open, following which America West filed a timely appeal with the Philadelphia Court of Common Pleas. On April 6, 1999, the trial court affirmed the Municipal Court's denial of America West's petition to open and specifically stated that the default judgment was to stand. This timely appeal followed. Subsequently, America West filed a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b), and the trial court filed an opinion pursuant to Pa.R.A.P.1925(a).

¶ 4 "It is well settled that a petition to open a judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal." *Rounsley v. D.C. Ventre & Sons, Inc.*, 361 Pa.Super. 253, 522 A.2d 569, 571 (1987) (citation omitted).

> An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

*Allegheny Hydro No. 1 v. American Line Builders, Inc.*, 722 A.2d 189, 192 (Pa.Super.1998) (quotations omitted).

¶ 5 "In general, a default judgment may be opened when three elements

---

1. We note that America West did not petition the court to strike the default judgment. A petition to open a default judgment and a petition to strike a default judgment are two distinct remedies, which generally are not interchangeable. *U.K. LaSalle, Inc. v. Lawless*, 421 Pa.Super. 496, 618 A.2d 447 (1992).

are established: the moving party must (1) promptly file a petition to open the default judgment, (2) show a meritorious defense, and (3) provide a reasonable excuse or explanation for its failure to file a responsive pleading [or attend a hearing]." [2] *Allegheny Hydro No. 1*, 722 A.2d at 191 (citation omitted). In this case, the trial court found that America West promptly filed its petition and that it had a meritorious defense. However, the court also determined that America West failed to offer a legitimate reason for its failure to respond or appear at the Municipal Court's hearing.

¶ 6 With regard to the first requirement, "[the] Court does not employ a bright line test...[The Court focuses] on two factors: (1) the length of the delay between discovery of the entry of the default judgment and filing the petition to open judgment, and (2) the reason for the delay." *Allegheny Hydro No. 1*, 722 A.2d at 192 (quotation omitted). America West did not file its petition to open judgment until twenty-four days after the default judgment was entered. The appellate courts of this jurisdiction have held that delays of less than twenty-four days are untimely. *See McCoy v. Public Acceptance Corporation*, 451 Pa. 495, 305 A.2d 698 (1973) (period of two and one-half weeks of unexplained delay was not prompt); *B.C.Y., Inc. Equipment Leasing Associates v. Bukovich*, 257 Pa.Super. 121, 390 A.2d 276 (1978) (twenty-one day delay is not prompt). Moreover, America West offered no explanation as to why the petition to open was not filed until twenty-four days after it received notice thereof. As such, in this case, the trial court was generous in its conclusion that the petition

was promptly filed. *See Flynn v. Casa Di Bertacchi Corporation*, 449 Pa.Super. 606, 674 A.2d 1099 (1996) (holding that where the appellant did not file petition to open until seventeen days after it received notice of judgment being entered, and offered no explanation for the delay, trial court was generous in concluding that petition was promptly filed).

¶ 7 With regard to the second prong, we agree with the trial court's conclusion that America West has offered a meritorious defense to Mr. Flynn's complaint. "The requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief." *Provident Credit Corporation v. Young*, 300 Pa.Super. 117, 446 A.2d 257, 262 (1982) (citation omitted). America West has averred that it is not liable to Mr. Flynn for the lost baggage since Northwest Airlines lost Mr. Flynn's baggage after it was properly transferred from America West to Northwest Airlines. Clearly, if America West acted properly with regard to Mr. Flynn's baggage, it would not be liable for the loss of the baggage.

¶ 8 With regard to the third prong, we agree with the trial court's conclusion that America West has failed to provide a reasonable explanation for its failure to appear at the hearing or file a responsive pleading. "Whether a [reason] is legitimate is not easily answered and depends upon the specific circumstances of the case." *Castings Condominium Association, Inc. v. Klein*, 444 Pa.Super. 68, 663 A.2d 220, 224 (1995). In the case *sub judice*, America West avers that it did not respond to the complaint or appear for the

---

2. Pa.R.C.P. 237.3 provides that "[i]f a petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense." Rule 237.3 does not change the law of opening default judgments. Rather, it "supplies two of the three requisites for opening [default] judgments...by presuming that a petition filed within the required ten-day

period is both promptly filed and with reasonable explanation or legitimate excuse for the inactivity or delay." *Cohen v. Mirin*, 729 A.2d 1236, 1237 n. 3 (Pa.Super.1999). In the case *sub judice*, America West's petition to open the default judgment was filed more than ten days after the judgment was entered, and, therefore, Rule 237.3 is inapplicable. As such, America West is subject to the three-part test.

hearing because the appropriate people within the company did not have notice of the hearing until after it had occurred. Specifically, Elizabeth Jenkins, an America West Station Manager in Philadelphia, testified that America West and Continental shared a ticket counter at the Philadelphia International Airport. On October 22, 1998, Mr. Flynn's complaint was served on an America West employee who was working at the ticket counter. During this time, America West was in a period of transition whereby the then existing station manager was being replaced by Ms. Jenkins. According to Ms. Jenkins, Mr. Flynn's complaint was misplaced and was later found in a pile of mail. As soon as the complaint was found, Ms. Jenkins sent it to America West's corporate headquarters. By this time, the Municipal Court hearing had already been held and the default judgment had been entered.

¶ 9 As America West indicates, this Court has held that "where the failure to answer was due to an oversight, an unintentional omission to act, or a mistake of the rights and duties of the appellant, the default judgment may be opened." *Brown v. Great Atlantic & Pacific Tea Company*, 314 Pa.Super. 78, 460 A.2d 773, 774 (1983) (citations omitted). *See Hudgins v. Jewel T. Discount Store*, 351 Pa.Super. 329, 505 A.2d 1007 (1986) (holding that where employee sent notice to corporate headquarters, but notice was lost in U.S. mail, a legitimate reason was offered). However, we find that the facts in the case *sub judice* do not amount to an oversight, an unintentional omission, or a mistake.

¶ 10 Ms. Jenkins testified that Mr. Flynn's complaint was left with a station manager in Philadelphia, but that the complaint was misplaced. However, she further testified that documents were constantly being misplaced and that they were often times found in a pile containing Continental's mail. N.T. 1/25/99 at 13. She specifically stated that Continental's ticket person sometimes neglected paperwork or mail that belonged to America West and that America West did not receive the paperwork until many months later. N.T. 1/25/99 at 13. Still, America West did not change its system of receiving documents, but allowed the loss of mail to continue. As such, we conclude that it was not unjust for the trial court to hold America West responsible for its failure to change its defective mail receipt system. If we were to hold otherwise, corporations would be permitted to cause interminable delays in litigation simply by intentionally allowing a defective mail receipt system to continue. *See Autologic Incorporated v. Cristinzio Movers*, 333 Pa.Super. 173, 481 A.2d 1362 (1984) (holding that where employer authorized employee to determine whether mail should be forwarded to employer, and employee failed to do so, employer did not offer legitimate reason for failing to respond since it put employee in authority to make decision).

¶ 11 America West's final argument is that the trial court should have considered other equitable considerations in this case. Specifically, America West argues that, even if it did not meet all of the three prongs necessary to open a default judgment, the trial court should have opened the judgment because Mr. Flynn received a windfall in this case. America West argues that, pursuant to the airline's tariffs and its contract of carriage, Northwest Airlines, the final carrier, was liable to Mr. Flynn and he has already recovered damages from Northwest Airlines.[3]

¶ 12 In *Allegheny Hydro No. 1, supra,* the appellant argued that the trial court erred since it considered the three factors of the tripartite test only and failed to conduct a separate analysis of the equities. We held that when a trial court has discussed all three elements of the test, it need not specifically set forth its consider-

---

3. By Affidavit dated January 21, 1999, Manuel Grados, a luggage service supervisor for Northwest Airlines, indicated that Northwest paid Mr. Flynn $1,250.00 for the loss of the baggage. Northwest is not a party to this suit.

ation of the prejudices and equities. As such, in the case *sub judice*, the trial court's consideration of the three factors discussed *supra* was sufficient to conclude that the default judgment should not be opened.

¶ 13 In any event, we conclude that America West's "equitable consideration" is actually another argument indicating that it had a meritorious defense. Since this Court agreed with the trial court's conclusion that America West has a meritorious defense, this argument does not alter the outcome of this case.

¶ 14 Finally, we note that Mr. Flynn filed a Motion to Dismiss and/or Strike America West's exhibits in the case *sub judice*. We deny this motion.

¶ 15 Affirmed.