J-A27019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES D. HOLLAND AND SANDRA C. HOLLAND | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HARTSOCKS CUSTOM CABINETS AND HOME IMPROVEMENTS LLC AND CHARLES T. HARTSOCK, III | : | No. 1655 MDA 2021 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered December 9, 2021
In the Court of Common Pleas of Huntingdon County Civil Division at
No(s): 2020-00902

BEFORE: DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED: MARCH 17, 2023**

Hartsocks Custom Cabinets and Home Improvement LLC ("LLC") and Charles T. Hartsock, III ("Hartsock"), (collectively, "Appellants"), appeal from the order denying their petition to open and/or strike a default judgment and granting James D. Holland and Sandra C. Holland's (collectively, the "Hollands") motion for attorney's fees. We affirm the portion of the order denying the petition and quash the appeal from the portion of the order granting attorney's fees.

According to the Hollands' complaint, in September 2019, the Hollands hired the LLC to renovate their kitchen. Hartsock solely owns the LLC and serves as its primary employee. The Hollands paid Appellants a deposit of

_____

[*] Retired Senior Judge assigned to the Superior Court.

$3,000, and the work was to be completed by early November 2019. However, the project was delayed and in December 2019, Appellants left the project while it was still incomplete. The Hollands hired a different contractor to finish the work.

On January 2, 2020, the Hollands filed a civil complaint against both the LLC and Hartsock, individually, in magisterial district court. The magisterial district judge found in favor of the Hollands and awarded them damages, plus fees and costs, in the amount of $2,986.47.

On July 30, 2020, the LLC filed a notice of appeal of the magisterial district court's judgment to the Court of Common Pleas of Huntington County. The Prothonotary issued a rule to file a complaint. The Hollands filed a complaint against Appellants on August 20, 2020, naming both the LLC and Hartsock as separate defendants. The Hollands served the complaint upon Appellants by sending a single copy, addressed to both the LLC and Hartsock in a cover letter, to their joint address of record via First Class Mail. Their addresses of record were set forth in the magisterial district court case record and were the same for both the LLC and Hartsock, namely 2764 Lincoln Way West, Suite 3, Chambersburg, PA 17202. In addition to the damages originally sought in the magisterial district court case, the Hollands' complaint also asserted a claim for attorney's fees, raising the total damages to $4,795.72.

Appellants failed to file an answer to the complaint. The Hollands sent a notice of intention to take default judgment on October 7, 2020 to Appellants via First Class Mail at their joint address of record. The Hollands sent a single

copy of the notice to Appellants, addressed to both the LLC and Hartsock in a cover letter. The notice itself bore a caption naming both the LLC and Hartsock as separate defendants. Appellants failed to respond. The Hollands filed a praecipe to enter default judgment and the Prothonotary entered a default judgment against Appellants on February 1, 2021, in the amount of $4,795.72.

Approximately seven months later, the Hollands attempted to execute on their judgment by having a sheriff's sale scheduled for August 27, 2021. Appellants filed an emergency motion to stay the execution of judgment the day before the sheriff's sale, which was granted. On September 8, 2021, Appellants filed a petition to open and/or strike the default judgment. The court heard argument on the petition and denied it on December 9, 2021. In its order denying the petition, the court also granted the Hollands' motion for attorney's fees. The court ordered the Hollands to submit an itemized list of their attorney's fees within 14 days of the date of the order so the court could determine the appropriate amount of fees. However, Appellants filed the instant appeal before the court had the opportunity to rule on the amount of fees.[1]

_____

[1] Although orders denying petitions to open/strike default judgments are interlocutory, they are immediately appealable as of right. **See** Pa.R.A.P. 311(a)(1); **Keller v. Mey**, 67 A.3d 1, 3 (Pa.Super. 2013). Therefore, although the issue of the determination of the amount of attorney's fees is outstanding, the portion of the order denying Appellants' petition to open and/or strike is appealable as of right.

Appellants raise the following issues:

1. Did the trial court err, as a matter of law, by excusing violations of the Rules of Civil Procedure regarding service of documents through the application of Pa. R. Civ. P. 126 and denying Appellants' petition to strike default judgment?

2. Did the trial court err by denying Appellants' petition to open default judgment?

3. Did the trial court err by awarding attorney fees to Appellees when Appellants did not act in a manner supporting fees under 42 Pa. C.S.[A.] § 2503, no findings of fact were made by the trial court as to the awarding of attorney fees, and the trial court 1925 opinion does not identify a single section of § 2503(7) or § 2503(9) to which the parties' conduct would support a fee award?

Appellants' Br. at 9.

Opening and striking a judgment are different remedies subject to different standards. "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." ***Resolution Trust Corp. v. Copley Qu-Wayne Assocs.***, 683 A.2d 269, 273 (Pa. 1996) (citation omitted). "A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." ***Id.*** (citation omitted). "When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered." ***Cintas Corp. v. Lee's Cleaning Servs., Inc.***, 700 A.2d 915, 917 (Pa. 1997). On appeal, "our standard of review is *de novo* and our scope of review is plenary." ***U.S. Bank***

***Nat'l Ass'n for Pa. Hous. Fin. Agency v. Watters***, 163 A.3d 1019, 1028 n.9 (Pa.Super. 2017).

"A petition to open a default judgment is an appeal to the equitable powers of the court." ***Smith v. Morrell Beer Distribs., Inc.***, 29 A.3d 23, 25 (Pa.Super. 2011) (citation omitted). We review an order ruling on a petition to open a default judgment for "a manifest abuse of discretion or error of law." ***Id.*** (citation omitted). A default judgment may be opened when the moving party has: "(1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." ***Myers v. Wells Fargo Bank, N.A.***, 986 A.2d 171, 175-76 (Pa.Super. 2009). The failure to satisfy any one prong of this test will result in denial of the petition to open. ***Watters***, 163 A.3d at 1028.

Appellants first claim the court erred in denying the petition to strike because there is a fatal defect on the face of the record. Appellants point out that the Hollands served only one copy of the complaint and subsequent documents, including the notice of intention to take default judgment, to both Appellants. They assert the Rules of Civil Procedure require service upon each defendant individually and the trial court improperly excused the allegedly improper service of the default notice by reference to Rule 126. Appellants thus argue the judgment should have been stricken.

The procedures for appealing a judgment from a magisterial district court are set forth in the Pennsylvania Rules of Civil Procedure Governing

Actions and Proceedings Before Magisterial District Judges. Under Rule 1002, an aggrieved party has 30 days after the date of the entry of judgment to appeal from that judgment "by filing with the prothonotary of the court of common pleas a notice of appeal[.]" Pa.R.C.P.M.D.J. 1002(A). Thereafter, if the appellant was the defendant in the action before the magisterial district judge, as in the instant case, the appellant "shall file" with the notice of appeal "a praecipe requesting the prothonotary to enter a rule as of course upon the appellee to file a complaint within twenty (20) days after service of the rule or suffer entry of a judgment of non pros." Pa.R.C.P.M.D.J. 1004(B).

Then, pursuant to Rule 1005, "[t]he party filing a complaint under Rule 1004 shall forthwith serve it upon the opposite party in the appeal by leaving a copy for or mailing a copy to the address as shown in the magisterial district court records[.]" Pa.R.C.P.M.D.J. 1005(D). "The address of the appellee for the purpose of service shall be the address as listed on the complaint form filed in the office of the magisterial district judge or as otherwise appearing in the records of that office." Pa.R.C.P.M.D.J. 1005(A).

Here, the record reflects that the Hollands sent via First Class Mail a cover letter addressed to both Appellants, along with one copy of the complaint. The complaint clearly captioned both Appellants as defendants in the action. The complaint was mailed to Appellants' address set forth in the magisterial district court records – 2764 Lincoln Way West, Suite 3, Chambersburg, PA 17202 – which was the same address for both Appellants. Appellants do not dispute that this address was their address of record. Rule

1005 only requires that the complaint be served at the opposite party's address of record. The Hollands did just that. The Hollands thus properly served the complaint upon Appellants.

Appellants similarly claim the default judgment should be stricken because a single notice of the intention to take default judgment was mailed to both Appellants, instead of being sent to each Appellant individually. Pennsylvania Rule of Civil Procedure 237.1(a) provides:

> (2) No judgment of non pros for failure to file a complaint or by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered
>
> ***
>
> (ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.
>
> ***
>
> (4) The notice and certification required by this rule may not be waived.

Pa.R.C.P. 237.1(a)(2)(ii), (4).

Here, the Hollands complied with the letter of the rule. Rule 237.1 on its face does not require separate notice (or prohibit joint notice). The Hollands mailed their notice of intention to take default judgment to the address of record for both Appellants, and the caption in the notice clearly listed both Appellants as parties. Appellants, once again, do not dispute that they

received the notice or that the address to which it was sent was their address of record.

Moreover, even if the Hollands were required to send two copies of the notice, under the doctrine of substantial compliance, the trial court may "overlook any procedural defect that does not prejudice a party's rights." **Womer v. Hilliker**, 908 A.2d 269, 276 (Pa. 2006) (citation omitted) (emphasis removed); **see also** Pa.R.C.P. 126 ("The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties"). Appellants do not allege they suffered any harm or were prejudiced in any way by receiving only one copy of the notice, instead of two. The trial court here did not find waiver, which Rule 237.1(a)(4) prohibits, but rather found the allegedly improper service excused as not affecting any party's substantial rights. Thus, we agree with the trial court's determination that no fatal defect or irregularity was apparent on the face of the record. Accordingly, this claim fails.

Appellants next argue the court erred in denying their petition to open judgment. They claim they had a reasonable excuse for failing to file a responsive pleading and promptly filed the petition when they learned of this lawsuit. Hartsock testified at his deposition that after judgment was entered in the magisterial district court, he entrusted his former assistant to "handle" the matter. N.T. Deposition of Charles T. Hartsock, III, 10/13/21, at 42-43. He stated that his assistant filed the instant appeal and that he was not aware that she filed it. **Id.** at 41, 51-52. He also said he did not realize that he was

J-A27019-22

personally a defendant in the magisterial district court case, and he thought the judgment was entered against only the LLC. ***Id.*** at 17-18.

Hartsock further testified that his assistant received the complaint, the notice of intention to take default judgment, and the entry of default judgment at the Lincoln Way West address as part of her standard duties, but she never brought these filings to his attention and instead filed them in the LLC's regular business records. ***Id.*** at 19-20, 63-64, 80-81. Hartsock asserted he did not learn that a judgment had been entered against him until the sheriff arrived at his house to issue a sheriff's sale notice in August 2021. ***Id.*** at 13-14. He stated he then looked at his business files and found the documents. ***Id.*** at 64. Hartsock testified he hired an attorney within one week of locating the filings. ***Id.*** at 14-15, 71-72.

Appellants also argue they set forth meritorious defenses to the complaint. They note there is no cause of action properly pled against Hartsock in his individual capacity and there are no allegations suggesting that piecing the corporate veil is appropriate. Appellants' Br. at 36, 39. Appellants further aver the LLC did not breach the contract and the delay in the kitchen project was caused by the Hollands.

The court found Appellants failed to satisfy the first two prongs of the test for opening a default judgment. It determined the petition was not promptly filed and Appellants' explanation for failing to file a responsive pleading was not reasonable. Trial Ct. Op. at 20-21.

Regarding the first prong of the test for opening a default judgment, "[t]he timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received." ***Digital Communications Warehouse, Inc. v. Allen Investments, LLC***, 223 A.3d 278, 285 (Pa.Super. 2019) (citation omitted). The law does not establish a specific time within which a petition to open a judgment must be filed to qualify as timely. Rather, it directs the court to consider the length of time between discovery of the entry of the default judgment and the reason for the delay. ***Id.*** at 285-86. "In cases where the appellate courts have found a 'prompt' and timely filing of the petition to open a default judgment, the period of delay has normally been **less than one month**." ***US Bank N.A. v. Mallory***, 982 A.2d 986, 995 (Pa.Super. 2009) (citations omitted) (emphasis added).

Here, the default judgment was entered on February 1, 2021. Appellants' petition to open and/or strike the default judgment was filed on September 8, 2021, approximately seven months later. Accordingly, we agree with the trial court that this was not a prompt filing, and therefore, we discern no abuse of discretion on the first prong.

As to the second prong, "[w]hether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case. The appellate courts have usually addressed the question of legitimate excuse in the context of an excuse for failure to respond to the original complaint in a timely fashion." ***Mallory***, 982 A.2d at 995 (citations omitted).

- 10 -

In concluding Appellants did not provide a reasonable explanation for failing to file a responsive pleading, the court found Hartsock's attempt to blame his assistant for failure to respond not credible. Trial Ct. Op. at 18. The court stated:

> If Defendant Hartsock is to be believed, he engaged [his secretary] to serve as attorney for both himself and the LLC, and relied on her to litigate [Appellants'] appeals before this [c]ourt with no meaningful oversight whatsoever. . . .[I]t defies belief that any business owner would have his secretary serve as his attorney. Even assuming, *arguendo*, that this is precisely what occurred, such an act is patently unreasonable, and was taken by Defendant Hartsock, acting on behalf of himself and the LLC, at his own peril.

*Id.* at 19 (footnote omitted). The court also rejected Hartsock's claim that he was unaware he was personally a defendant in the magisterial district court action because he participated in that case and the notice of entry of judgment clearly showed judgments entered against him and the LLC separately. *Id.* at 17-18.

We find no abuse of discretion. Appellants failed to offer a reasonable excuse for their inaction. According to Hartsock's testimony, he designated his assistant to "handle" this matter. Although he claims that she did not bring the complaint or the notice of intention to take default judgment to his attention, he admitted that they were filed in the LLC's business records, which were readily accessible to him. *See* N.T. Hartsock Depo. at 64. Appellants also failed to produce the assistant as a witness or offer any other evidence to support their claim. *See Dominic's Inc. v. Tony's Famous Tomato Pie &*

*Restaurant, Inc.*, 214 A.3d 259, 270 (Pa.Super. 2019) (stating that the petitioning party in a default judgment bears the burden of producing sufficient evidence to substantiate its claims). Moreover, the LLC is a corporate entity, not a layperson, and should have had in place the proper means to monitor its legal claims. *See Kelly v. Siuma*, 34 A.3d 86, 94 (Pa.Super. 2011); *Myers*, 986 A.2d at 178. We agree with the court that the facts in this case do not amount to an oversight, an unintentional omission, or a mistake that would permit the opening of the default judgment. *See Flynn v. Am. W. Airlines*, 742 A.2d 695, 699 (Pa.Super. 1999). Rather, any harm suffered by Appellants was the result of Hartsock's decision to delegate responsibility for the matter to a non-lawyer, without supervision or follow-up. Thus, Appellants' argument fails.[2]

In their final issue, Appellants claim that the court erred in awarding attorney's fees to the Hollands. Since the trial court has not yet determined the amount of attorney's fees, the portion of the order granting the Holland's motion for attorney's fees is not a final order because the order did not dispose of all claims as required by Pa.R.A.P. 341(b)(1). We therefore quash that portion of the appeal as interlocutory.

---

[2] Since we find that Appellants failed to satisfy the "prompt filing" and "reasonable excuse" prongs, we do not address their argument regarding the "meritorious defense" prong. *See Siuma*, 34 A.3d at 94.

Appeal from that portion of the order denying Appellants' petition to open and/or strike is affirmed. Appeal from that portion of the order granting attorney's fees is quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2023