J-A12007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BEECH MOUNTAIN LAKES ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SETH MAURER AND CHRISTINA FORTIN-MAURER, BLOOMING DREAMS DEVELOPMENT, LLC, DEEP WOODS LAKE, LLC, JAMES POPSON ANDDEBORAH POPSON AND MICHAEL W. GIEDOSH | : | No. 1468 MDA 2023 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: BLOOMING MOUNTAIN DREAMS DEVELOPMENT, LLC | : | |

Appeal from the Order Dated September 13, 2023
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2022-02647

BEFORE:   PANELLA, P.J.E., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED: NOVEMBER 26, 2024**

Blooming Dreams Development, LLC ("Blooming Dreams") appeals from the order entered in the Court of Common Pleas of Luzerne County, which denied its motion to strike and/or open the default judgment obtained by Beech Mountain Lakes Association, Inc. ("Beech Mountain"). We affirm.

The trial court aptly set forth the factual and procedural history underlying this litigation in its opinion, which we adopt.

_____

[*] Former Justice specially assigned to the Superior Court.

On March 18, 2022, [Beech Mountain] initiated the underlying action with the filing of a complaint setting forth claims for declaratory and injunctive relief. [Beech Mountain] is a Pennsylvania non-profit corporation whose members consist of various owners of interests in real estate comprising a pair of residential developments (referred to hereinafter collectively as the "Development") surrounding a lake (referred to hereinafter as the "Lake") in Butler Township, Luzerne County, Pennsylvania. [Beech Mountain]'s claims were filed against, *inter alia*, Deep Woods Lake, LLC (DWL)—the then-owner of certain tracts in close proximity to the Development—seeking: (1) our declaration in adjudication of the issue as to whether rights to access the Lake are or continue to be held by the various defendants, including DWL; and (2) an order restraining DWL from marketing the lots comprising its tracts as inclusive of an attendant right to access the Lake.

On April 14th, 2022, DWL executed a deed transferring to [Blooming Dreams] ownership of the subject tracts and reserving certain interests related to an ongoing well-water operation. On June 7, 2022, [Beech Mountain] filed, with an accompanying notice to defend, its Second Amended Complaint and therein named [Blooming Dreams] as a new co-defendant to the underlying action. …

On September 16, 2022, [Beech Mountain] filed a ten-day notice of default, which along with cover letter was served upon [Blooming Dreams] at its certified registered office provider on the same date. On October 14, 2022, [Beech Mountain] filed a praecipe for entry of default judgment against [Blooming Dreams], which along with cover letter was served upon [Blooming Dreams] at its certified registered office provider on the same date. On October 14, 2022, the prothonotary indexed to the record entry of judgment against [Blooming Dreams] and in favor of [Beech Mountain] on the issue of liability.

On January 5, 2023, [Beech Mountain] filed a motion to enter final default judgment against [Blooming Dreams] in accordance with the procedure set forth in Pa.R.C.P. 1037(d). [Blooming Dreams] filed a response to the motion on January 31, 2023.

Trial Court Opinion (TCO), 11/27/23, at 2-4 (footnotes omitted).

This January 31, 2023, response to the motion to enter final default judgment referenced by the trial court was not a motion to open or strike the default judgment. Instead, it was captioned as a brief in opposition to the motion for final default judgment, arguing that Beech Mountain "never perfected service" of the second amended complaint. Brief in opposition, 1/31/23, at 1. The brief argued that the trial court "lack[ed] jurisdiction to enter the final default judgment[.]" *Id*. at 3. The court held a hearing, stating at the outset that "[t]here has not been a motion to open or vacate a default judgment. But you had filed a response … why you believe that default judgment may not have been entered properly." N.T., 5/30/23, at 5. Blooming Dreams agreed with that summary and presented testimony from one witness, Shlomo Kanarek, who identified himself as "the main owner" of Blooming Dreams. *Id*. at 11. He explained that he purchased Blooming Dreams because the "fellow who formed the corporation … couldn't close on the property so I took over. … I took over the [Deep Woods] contract and closed on the property." *Id*. He did not receive any notice about the suit, and learned of its existence through a "fellow named John who … I used to call him for advice. He told me, 'you know there's a suit on your property.'" *Id*. at 16. On cross-examination, Mr. Karanek agreed that he was "well aware of this complaint [*i.e.*, the first complaint] against the lake." *Id*. at 24. However, he stated that the "seller told me, don't worry about it. It's taken care of. … I

wasn't aware of any judgment served to me. I thought it was being dealt with by the firm."

The trial court issued an order the next day with accompanying findings of fact, concluding that Beech Mountain properly served Blooming Dreams.[1] The order also scheduled a hearing for July 25, 2023, to address the outstanding motion for entry of final default judgment. On June 30, 2023,

---

[1] The trial court opinion relates the facts relevant to service as follows:

> On June 3, 2021, a certificate of organization was filed with the Pennsylvania Department of State organizing [Blooming Dreams] as a Pennsylvania limited liability company. In its certificate of organization, [Blooming Dreams] certified its commercial registered office provider as "c/o Registered Agents Inc." of Montgomery County, Pennsylvania. Registered Agents Inc. at that time utilized a business address within Montgomery County. On January 3, 2022, Registered Agents Inc. filed with the Pennsylvania Department of State a letter of December 29, 2021, certifying that "[a]ll entities that have Registered Agents Inc, as their [commercial registered office provider] have been notified of the change to the address and county" of 502 W 7th St Ste 100 Erie PA 16502 in Erie County.
>
> As noted, [Beech Mountain]'s Second Amended Complaint was filed to the record on June 7, 2022, along with an accompanying notice to defend. The return of service filed on July 27, 2022, indicates that on June 7, 2022, the Sheriff of Luzerne County deputized the Sheriff of Erie County to serve a copy of the Second Amended Complaint with notice to defend "on Blooming Dreams Development LLC at 502 W 7th St, Ste 100, Erie, PA 16502. On July 5, 2022, the Erie County Sheriff served a copy of the said complaint and notice on "Sara Simmons Paralegal, who accepted as 'Adult Person in Charge' for BLOOMING DREAMS DEVELOPMENT LLC at 502 W. 7th ST., SUITE 100, ERIE, PA 16502."

TCO at 2-3 (footnotes omitted).

Blooming Dreams filed a petition to open/strike the default judgment, which the court denied on September 13, 2023. The company timely filed a notice of appeal and complied with the order to file a concise statement.

The trial court authored a comprehensive eighteen-page opinion in response. As a prefatory matter, the trial court observed that Blooming Dreams framed its issues as involving requests to strike and/or open the default judgment. The court correctly separated those theories, as they "are distinct vehicles capable of achieving similar outcomes" but differ markedly with respect to the standard of review applied. TCO at 6. A motion to strike is "aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." *Oswald v. WB Pub. Square Assocs., LLC*, 80 A.3d 790, 794 (Pa. Super. 2013) (citation omitted). The purported defect alleged by Blooming Dreams concerned the manner of service. Since service is the mechanism by which a court obtains jurisdiction over the defendant, invalid service is a fatal defect. *See Cintas Corp. v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 917-18 (Pa. 1997). The court cited its factual findings regarding Blooming Dreams' designation of Registered Agents Inc. as its agent for accepting service and the delivery of the complaint to that entity. Thus, "[n]o fatal defect existed in the record" to permit striking the judgment. TCO at 9.

The trial court then addressed the request to open the default judgment, which implicates "the equitable powers of the court[.]" *Id.* Pursuant to our

Supreme Court's decision in **Schultz v. Erie Insurance Exchange**, 477 A.2d 471 (Pa. 1984), a court may exercise its discretion to open a judgment only when "(1) the petition has been promptly filed; (2) a meritorious defense can be shown; *and* (3) the failure to appear can be excused." **Schultz**, 477 A.2d at 472 (citation omitted; emphasis in original). The court determined that Blooming Dreams "failed to establish any of the three prongs of the conjunctive test set forth in **Schultz**[.]" **Id**. at 14.

With respect to the promptness of the petition to open, the trial court explained that there is no bright-line test and promptness is measured by considering "(1) the length of delay between discovery of the entry of a default judgment; and (2) the reason for the delay." **Id**. at 11 (quoting **Dumoff v. Spencer**, 754 A.2d 1280, 1282 (Pa. Super. 2000)). The trial court computed a 259-day delay as measured from entry of default judgment on October 14, 2022, to the petition to open that judgment, filed on June 30, 2023. The trial court therefore did not consider the January 31, 2023, motion to preclude entry of final judgment as a valid motion to open the judgment. Additionally, consistent with that determination, the trial court reasoned that the filing was not promptly made because Blooming Dreams had obviously learned of the default judgment no later than January 31, 2023. "Having determined that [Blooming Dreams] waited, at minimum, 5 months after discovery of the entry of default judgment, we must also look to what justification, if any, for the delay has been put forth for our consideration." **Id**. The court could not

"ascertain any reason" to explain the delay and pointed out that Blooming Dreams waited "until another month had come and gone" following the May 31, 2023, order rejecting its jurisdictional argument to file a formal petition to open judgment. *Id*.

The court next determined that even if the petition were promptly filed Blooming Dreams failed to allege a meritorious defense. The court turned to Rule of Civil Procedure 237.3, which governs petitions seeking relief from default judgments and requires the petitioner to include "a copy of the complaint, preliminary objections, and/or answer which the petitioner seeks leave to file." Pa.R.C.P. 237.3(a). Additionally, where, as here, the petition is filed more than ten days after entry of a default judgment, the court "shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense." Pa.R.C.P. 237.3(b)(2). Because Blooming Dreams did not file a proposed responsive pleading, the court concluded that its petition was defective. To the extent that the equitable nature of the remedy permitted the court to overlook that procedural defect, it examined the contents of the petition to open judgment and quoted four relevant paragraphs from that document which could be read to raise a defense. The trial court characterized that material as amounting to "at best a bald denial of [Beech Mountain]'s claims," since it did little more than aver "its position as being 'directly contrary'" to Beech Mountain. TCO at 13.

Finally, the court did not find a reasonable excuse or explanation justifying the failure to file a response to the complaint. Blooming Dreams alleged only "that it never received [the] complaint and [Beech Mountain] was fully aware from both the recorded deed and the tax documents that its principal place of business was in New Jersey and not Erie County." *Id*. at 14 (quoting petition). The court disagreed, referencing its earlier conclusion that Beech Mountain properly served Blooming Dreams. "As noted previously, we have concluded this argument is unavailing and, similarly, we conclude that it fails to serve as a reasonable excuse or explanation" for its failure to respond. *Id*.

> Blooming Dreams presents these two issues for our consideration:
>
> 1. Did the [t]rial [c]ourt err as a matter of law in denying Blooming Dreams' Motion to Strike and/or Open Default Judgment when [Blooming Dreams] demonstrated with unrebutted evidence that it had not received actual notice of being named in litigation, once aware of the litigation entered its appearance to defend the case on the merits, and where no party … would suffer prejudice by the [t]rial [c]ourt striking and/or opening the default judgment?
>
> 2. Did the [t]rial [c]ourt err as a matter of law in denying Blooming Dreams' Motion to Strike and/or Open judgment because of the risk of inconsistent decisions or verdicts which would determine the vested property rights to the same tract of land which had been owned by both Deep Woods, LLC, and Blooming Dreams, LLC?

Blooming Dreams' Brief at 5.

The questions presented concern motions to strike and/or open the default judgment. *See id*. These are "distinct remedies and are generally not interchangeable." *Stauffer v. Hevener*, 881 A.2d 868, 870 (Pa. Super. 2005)

(citation omitted). A petition to strike a default judgment is a question of law; therefore, our standard of review is *de novo* and our scope of review is plenary. **Oswald**, 80 A.3d at 793. Opening a default judgment, in contrast, is an equitable power. Therefore, we must affirm an order denying a petition to open the default judgment unless the court abused its discretion.

> It is well settled that a petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.

**US Bank N.A. v. Mallory**, 982 A.2d 986, 994 (Pa. Super. 2009) (citation omitted). As previously stated, the trial court's equitable power to open the judgment requires the petitioning party to establish all three **Schultz** factors. The party challenging the court's exercise of discretion "bears a heavy burden." **In re Milton S. Hershey Medical Center**, 634 A.2d 159, 161 (Pa. 1993). "[I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power." **Id**. (citation omitted).

We begin with the petition to strike, which presents a pure question of law. "[S]ervice of original process pursuant to the Rules of Civil Procedure is required to confer the jurisdiction of the court over a defendant." **Ferraro v. Patterson-Erie Corp.**, 313 A.3d 987, 1008 (Pa. 2024). Accordingly, the

default judgment would be facially defective if Beech Mountain failed to properly serve the second amended complaint.

Notably absent from Blooming Dreams' brief is any discussion of Rule of Civil Procedure 424, which the trial court cited as its basis for finding that service was properly made. That rule states, in pertinent part:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> * * *
>
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.C.P. 424(3); **see also** Pa.R.C.P. 2176 (providing that "corporation or similar entity" includes a "limited liability company").

Blooming Dreams does not address the trial court's conclusion that service was perfected pursuant to Rule 424(3). Indeed, Blooming Dreams effectively concedes that the trial court's ruling was legally sound, as it describes Beech Mountain as having "technically complied with the Rules of Civil Procedure[.]" Blooming Dreams' Brief at 14. Blooming Dreams simply complains that it "had no actual notice" of the complaint due to its own failure to revise the registered agent established by the previous owner. **See id**. at 20 ("Certainly, Mr. Kanarek, once he obtained a controlling interest in Blooming Dreams, could and should have taken steps to revise the registered agent for the limited liability company"). We agree with the trial court that there was no fatal defect and thus no basis to strike the default judgment.

Having rejected that component of Blooming Dreams' claim, we now proceed to its arguments regarding its motion to open the judgment. We conclude that the trial court did not abuse its discretion in finding that Blooming Dreams failed to establish a reasonable excuse for the delay. Additionally, we agree its petition to open failed to assert a meritorious defense.[2]

We begin with the reasonable excuse prong as Blooming Dreams' argument that Beech Mountain only "technically" complied with the Rules of Civil Procedure segues into its justification for not responding to the amended complaint. "Whether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case." ***Castings Condominium Ass'n, Inc. v. Klein***, 663 A.2d 220, 223-24 (Pa. Super. 1995)

_____

[2] As to the remaining requirement, which requires the party to promptly seek relief, the parties disagree on what date controls our analysis. Like the trial court, Beech Mountain calculates a delay of 259 days, *i.e.*, the time between entry of the default judgment on October 14, 2022, and the June 30, 2023, petition to open the default judgment. Blooming Dreams, in contrast, argues that it first sought to open the judgment on January 31, 2023. We accept that the relevant date under these circumstances is January 31, 2023, which challenged the motion seeking final entry of the judgment. ***See*** N.T., 5/30/23, at 9 ("We are making an argument disputing the fact that merely because a process server accepted service in Erie, there are other facts that would merit not enforcing default judgment and then eventually reopening the default judgment.").

We note that Pennsylvania Rule of Civil Procedure 1028 dictates that an allegation of improper service or lack of jurisdiction shall be made via preliminary objection. Pa.R.C.P. 1027(a)(1). Since Beech Mountain did not raise this irregularity, we credit the January 31, 2023, date and conclude that Blooming Dreams promptly filed the petition.

- 11 -

(citation omitted). Blooming Dreams cites the specific circumstances of how the complaint was served, arguing that its failure to reply is attributable to Beech Mountain choosing to serve the company's agent. Its brief repeatedly stresses its frustration that Beech Mountain did not also mail the complaint to Mr. Kanarek's New Jersey address. **See** Blooming Dreams' Brief at 18 ("Beech Mountain never sent a copy of the Second Amended Complaint to … New Jersey"); 19 ("Blooming Dreams was served via a registered agent … despite the company's principal place of business" being in New Jersey"); 20 ("[Beech Mountain] elected to only serve Blooming Dreams upon its purported registered agent in Erie"); 22 ("[Mr.] Kanarek did not personally designate [Registered Agents, LLC] as Blooming Dreams' registered agent and he believed that all official legal paperwork would be forwarded to his principal place of business in New Jersey"). Blooming Dreams characterizes its failure to answer as an acceptable oversight, which permits opening the judgment. Blooming Dreams' Brief at 26 ("[W]here the failure to answer was due to an oversight, an unintentional omission to act, or a mistake of the rights and duties of the appellant, the default judgment may be opened.") (quoting **Myers v. Wells Fargo Bank**, 986 A.2d 171, 177 (Pa. Super. 2009)).

We do not find the court abused its discretion in rejecting this excuse. Each of the foregoing complaints about Beech Mountain's failure to mail additional copies to the New Jersey address implies that the fact Blooming Dreams failed to update its preferred method of service and/or designate a

new agent to accept service is irrelevant to the analysis. Blooming Dreams emphasizes that "the uncontradicted evidence in this case, as testified to by Mr. Kanarek, is that Blooming Dreams did not deliberately evade service of process, willingly ignore its duty to defend, and/or intentionally sit on its rights." Blooming Dreams' Brief at 29.

Those points assume Blooming Dreams bears no blame for its ignorance. The pertinent question is whether Blooming Dreams offered a valid excuse for not knowing about a suit that was properly served on the company's registered agent. Blooming Dreams fails to show an abuse of discretion. Blooming Dreams essentially asks this Court to pretend that Mr. Kanarek was sued in his personal capacity. We decline to do so. He chose to buy Blooming Dreams and enjoy the advantages offered by a limited liability company. That Mr. Kanarek took over is irrelevant, and a multimillion-dollar business[3] should expect that it may become the target of lawsuits.[4] The question is whether Blooming Dreams, as a business entity, offered a valid excuse for its ignorance. We find that it did not.

_____

[3] Mr. Kanarek testified that the sale price for Blooming Dreams was approximately $4,200,000. *See* N.T., 5/30/23, at 17.

[4] Under the particular facts of this case, Blooming Dreams had every reason to suspect that Beech Mountain would file suit against it after Deep Woods sold the land. Mr. Kanarek testified that he knew of the complaint against Deep Woods when he bought Blooming Dreams.

Blooming Dreams' failure to learn of this suit is somewhat analogous to the circumstances of *Flynn v. America West Airlines*, 742 A.2d 695, 699 (Pa. Super. 1999). There, America West was served with a lawsuit by a traveler whose luggage was lost. America West failed to appear at the hearing and the plaintiff received a default judgment. Less than a month later, an attorney for America West petitioned to open the judgment, which the trial court rejected. We affirmed.

Regarding the reasonable excuse component of the inquiry, the America West complaint had been "served on an America West employee who was working at the ticket counter."[5] Elizabeth Jenkins, who managed that location, testified that America West's documents were "constantly being misplaced and that they were often times found in a pile" containing mail from Continental airline, which shared a counter with America West. *Id*. at 699. She stated that Continental's employees likewise often had mail belonging to America West. Ms. Jenkins testified that she located the lawsuit in a pile of mail and immediately sent it to corporate headquarters. By that point, default judgment had been entered. The airline offered this breakdown as a reasonable excuse for its failure to answer the suit.

---

[5] The opinion does not discuss the manner of service, but presumably this was in line with Pa.R.C.P. 424(2), which authorizes service upon a corporation by handing a copy to "the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity[.]"

The **Flynn** Court disagreed that this was merely "an oversight, an unintentional omission [to act], or a mistake of the rights and duties" of the defendant. **Id**. at 699 (quotation marks and citation omitted). "America West did not change its system of receiving documents, but allowed the loss of mail to continue. As such, we conclude that it was not unjust for the trial court to hold America West responsible for its failure to change its defective mail receipt system." **Id**.

This case is not directly on point as there is no indication that Blooming Dreams ignored a known systemic problem. Still, the case establishes that a business must ensure that it has a working system for accepting lawsuits. Beech Mountain properly served Blooming Dreams' agent, and it was Blooming Dreams' responsibility to ensure that the system it inherited for accepting lawsuits was functioning properly.[6] The company has offered no explanation for why it apparently did nothing to monitor whether it had been sued.

We also agree with the trial court that Blooming Dreams failed to establish a meritorious defense. The court cited **Rivers End Animal Sanctuary & Learning Ctr., Inc. v. Eckhart**, 253 A.3d 1220 (Pa. Super.

---

[6] Recently, in **Ferraro v. Patterson-Erie Corp.**, 313 A.3d 987, 1010 (Pa. 2024), our Supreme Court remarked, "We have never held that any notice to a defendant of the pendency of a lawsuit is a substitute for service of process and we refuse to do so here." Thus, had Beech Mountain chose to serve Blooming Mountain at the New Jersey address, the company would have opened itself up to a claim that it failed to comply with the Rules of Civil Procedure.

2021), which reversed a trial court's order opening a default judgment due to the petitioner's failure to offer a meritorious defense. The **Rivers End** panel examined the defendant's petition to open, which contained "boilerplate language, *i.e.*, 'Your Petitioner believes and therefore asserts that he has meritorious defenses and counterclaims which, in the interest of substantial justice and fairness, he should be granted leave to present under the circumstances.'" **Id**. at 1224. The Court held that this "bald assertion of belief" did not indicate what defenses defendant would have advanced. **Id.** We agree with the trial court's assessment that Blooming Dreams' petition to open is similarly flawed.[7] **See** TCO at 12-13.

Blooming Dreams offers two arguments in response. First, the company reasons that the relief sought by Beech Mountain is effectively in the nature of quiet title as it seeks to establish which rights belong to the landowners. In this regard, Blooming Dreams submits that there is no real "defense" to raise as "the legal battlefield is fairly narrow[.]" Blooming Dreams' Brief at 23. Second, Blooming Dreams notes that Deep Woods, which transferred property to Blooming Dreams after the first amended complaint was filed, remains in the case. "Consequently, there was sufficient evidence in the record for the

---

[7] As the trial court also pointed out, in **Rivers End** the Court separately held that the trial court ignored the command of Rule 237.3(a), which requires that the preliminary objections or answer be attached to the petition. Blooming Dreams' petition suffers from the same flaw.

Court to evaluate the merits of Blooming Dreams' defense by looking to Deep Woods' Answer and New Matter." Blooming Dreams' Brief at 24.

We are not persuaded. The second point undermines the first: that Deep Woods presented an answer and new matter indicates that Blooming Dreams could have done the same. More importantly, Blooming Dreams cites no authority for the proposition that a court is required to examine the pleadings filed by other parties to determine if the same legal theories apply equally to an entirely separate party. It is the advocate's duty to present arguments to the judge. We note that Deep Woods cited, among other potential defenses: the statute of limitations, laches, unclean hands, "the failure of condition(s) precedent to maintain this action," and estoppel. Deep Woods' Answer and New Matter, 7/13/22, at 14. Neither this Court nor the trial court is obligated to sift through the record and determine which company owns which tracts of land and which of these legal theories would support Blooming Dreams' position. We thus agree that Blooming Dreams did little more than offer a bald denial of Beech Mountain's legal claims, which does not suffice to establish a potentially meritorious defense.

Finally, Blooming Dreams' second claim on appeal asks this Court to examine the equities with respect to the risk of inconsistent verdicts. If Deep Woods prevails the result will be that "Deep Woods possessed water access rights and transferred such rights to Blooming Dreams, which subsequently divested itself through a procedural default[.]" Blooming Dreams' Brief at 28.

Similarly, if Deep Woods loses then Blooming Dreams will have lost, too. Blooming Dreams submits that the fair result is to let it back in the case so that the legal claims are addressed together.

The equitable power to open a default judgment is conditioned upon the petitioning party establishing all three prongs of the **Schultz** test. "[T]he trial court cannot open a default judgment based on the 'equities' of the case when the defendant has failed to establish all three of the required criteria." **Castings Condominium Ass'n**, 663 A.2d at 225. Because Blooming Dreams failed to establish those criteria, we decline to address the potential ramifications of the default judgment.

Order affirmed.

**Judge King joins the memorandum decision.**

**President Judge Emeritus Panella notes his dissent.**

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/26/2024

- 18 -